JUDGE COLEMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. MAGISTRATE JUDGE FINNEGAN |
| | ) | 12CR 0109 |
| v. | ) | Violations: Title 18, United States Code, Sections 1343, 545 |
| HEON SEOK LEE | ) | UNDER SEAL |

RECEIVED
FILED
FEB 16 2012
2-16-12
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL FEBRUARY 2011-2 GRAND JURY charges:

1. At times material to this indictment:

    a. KTURBO INC. was a South Korean company headquartered and with its principal place of business in Cheongwon-gun, South Korea.

    b. KTURBO USA INC. was a subsidiary of KTURBO and was registered as a domestic corporation in the State of Illinois with its principal place of business located in Batavia, Illinois.

    c. KTURBO exercised control over KTURBO USA through its officers and employees.

    d. Defendant HEON SEOK LEE was a resident of South Korea. Defendant HEON SEOK LEE served as the President of KTURBO between approximately 2009 and 2011, and served as the President of KTURBO USA between approximately 2010 and 2011.

    **The American Recovery and Reinvestment Act**

    e. On or about February 17, 2009, the American Recovery and Reinvestment Act was enacted into law. The Recovery Act provided approximately

$787 billion in stimulus funds to state and local agencies for, among other things, infrastructure improvements, upgrades, and development of public buildings and public works projects. The stimulus funds were distributed by federal agencies, including the Environmental Protection Agency.

  f. Section 1605(a) of the Recovery Act, commonly known as the "Buy American" provision, required that recipients of Recovery Act funds expend stimulus funds only on goods manufactured in the United States.

  g. The EPA issued public guidance to assist Recovery Act funding recipients and potential vendors in determining whether a good was manufactured in the United States within the meaning of the Recovery Act's "Buy American" requirement. The guidance explained that goods imported into the United States from another country did not meet the "Buy American" requirement unless the goods underwent "substantial transformation" in the United States.

### KTURBO and KTURBO USA's Business Operation

  h. KTURBO manufactured and marketed centrifugal turbo blowers for use in, among other places, wastewater treatment facilities.

  i. KTURBO and defendant HEON SEOK LEE, and others acting with them and at their direction, incorporated KTURBO USA under the laws of the State of Illinois on or about January 5, 2010, after the passage of the Recovery Act.

  j. KTURBO, KTURBO USA, and defendant HEON SEOK LEE, and others acting with them and at their direction, began leasing office space and a

warehouse in Batavia, Illinois, for KTURBO and KTURBO USA after the passage of the Recovery Act.

## The Scheme

2. Beginning no later than in or around 2010, and continuing until at least in or around February 2011, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, devised and intended to devise a scheme to defraud municipalities and the United States and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and in furtherance thereof, used and caused the use of interstate wire transmissions, which scheme is further described below.

3. It was part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, (a) procured contracts for KTURBO and KTURBO USA to provide turbo blowers to municipal wastewater treatment facilities receiving Recovery Act stimulus funds, (b) falsely represented to municipal wastewater treatment facilities that KTURBO and KTURBO USA would manufacture and deliver to the municipalities turbo blowers that complied with the "Buy American" provision of the Recovery Act, (c) sent and caused to be sent to the KTURBO facility in Batavia, Illinois, from South Korea turbo blowers affixed with "Assembled in USA" placards and which turbo blowers arrived in the United States substantially assembled before the turbo blowers' entry into the United States, and (d) did not perform and did not intend

to perform substantial transformation of the turbo blowers at the KTURBO facility in Batavia, Illinois, before delivery of the turbo blowers to municipal wastewater treatment facilities receiving Recovery Act stimulus funds.

4. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, entered into and caused to be entered into contracts on behalf of KTURBO and KTURBO USA to provide turbo blowers to municipal wastewater treatment facilities that were receiving Recovery Act stimulus funds, including:

    a. A contract to provide three turbo blowers to South Burlington, Vermont, for approximately $206,916;

    b. A contract to provide three turbo blowers to Ottawa, Illinois, for approximately $132,943;

    c. A contract to provide four turbo blowers to Lowell, Massachusetts, for approximately $525,000;

    d. A contract to provide three turbo blowers to Indian Springs, Nevada, for approximately $139,900;

    e. A contract to provide three turbo blowers to Pendleton, Oregon, for approximately $190,000; and

    f. A contract to provide three turbo blowers to Millbrae, California, for approximately $161,020.

5. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, created and caused to be created "Buy

American" certifications that falsely and materially represented that KTURBO and KTURBO USA would manufacture turbo blowers for the municipalities in compliance with the requirements of the Recovery Act when, in fact, defendant HEON SEOK LEE knew that turbo blowers were substantially assembled before their arrival in the United States and did not require meaningful assembly or manufacturing in the United States.

6. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, provided and caused to be provided false and material "Buy American" certifications to municipal wastewater treatment facilities receiving Recovery Act stimulus funds and with whom KTURBO and KTURBO USA had contracts to furnish turbo blowers when, in fact, defendant HEON SEOK LEE knew that the turbo blowers were substantially assembled before their arrival in the United States and did not require meaningful assembly or manufacturing in the United States.

7. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, falsely represented to sales representatives and municipal wastewater treatment facilities that KTURBO and KTURBO USA complied with the Recovery Act's "Buy American" provision.

8. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, sent and caused to be sent to the United States from South Korea turbo blowers affixed with placards that falsely and materially represented that the turbo blowers were "Assembled in USA," when, in fact,

5

the turbo blowers had been substantially assembled before their arrival in the United States and did not require meaningful assembly or manufacturing in the United States.

9. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, imported and caused the importation and introduction into the United States of the following:

    a. On or about January 9, 2011, three turbo blowers affixed with false and material "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $139,900, and which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Indian Springs, Nevada, and which were seized by the United States;

    b. On or about January 26, 2011, three turbo blowers affixed with false and material "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $190,000, and which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Pendleton, Oregon, and which were seized by the United States; and

    c. On or about February 16, 2011, three turbo blowers affixed with false and material "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $161,019, and which turbo blowers and accessories were represented as being ultimately destined for a

6

municipal wastewater treatment facility for Millbrae, California, and which were seized by the United States.

11. It was further part of the scheme that defendant HEON SEOK LEE intended to fraudulently obtain Recovery Act stimulus funds in excess of approximately $1,337,189.

11. It was further part of the scheme that defendant HEON SEOK LEE, and others acting with him and at his direction, misrepresented, concealed, and hid and caused to be misrepresented, concealed and hidden, the true cause and nature of his acts done in furtherance of the scheme.

12. On or about April 7, 2010, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative SC to a representative of the municipal wastewater treatment facility for Pendleton, Oregon, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about January 4, 2010, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

### HEON SEOK LEE,

defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative WW to a representative of the municipal wastewater treatment facility for South Burlington, Vermont, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about February 26, 2010, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

### HEON SEOK LEE,

defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative SS to a representative of the municipal wastewater treatment facility for Millbrae, California, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1.  Paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2.  On or about June 7, 2010, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

### HEON SEOK LEE,

defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative WM to a representative of the municipal wastewater treatment facility for Lowell, Massachusetts, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. Paragraphs 1 through 10 of Count One of this indictment are incorporated here.

2. On or about June 18, 2010, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative SS to a representative of the municipal wastewater treatment facility for Indian Springs, Nevada, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SIX

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

On or about January 9, 2011, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, fraudulently and knowingly did import and bring into the United States certain merchandise, namely, three turbo blowers affixed with "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $139,900, which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Indian Springs, Nevada, contrary to law, in that the article of foreign origin was imported into the United States and not marked in a conspicuous place in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article, in violation of Title 19, United States Code, Section 1304;

All in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT SEVEN

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

On or about January 26, 2011, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, fraudulently and knowingly did import and bring into the United States certain merchandise, namely, three turbo blowers affixed with "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $190,000, which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Pendleton, Oregon, contrary to law, in that the article of foreign origin was imported into the United States and not marked in a conspicuous place in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article, in violation of Title 19, United States Code, Section 1304;

All in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

On or about February 16, 2011, at Batavia, in the Northern District of Illinois, Eastern Division, and elsewhere,

HEON SEOK LEE,

defendant herein, fraudulently and knowingly did import and bring into the United States certain merchandise, namely, three turbo blowers affixed with "Assembled in USA" placards and accompanying blower accessories, which had a total declared value of approximately $161,019, which blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Millbrae, California, contrary to law, in that the article of foreign origin was imported into the United States and not marked in a conspicuous place in such manner as to indicate to an ultimate purchaser in the United States the English name of the country of origin of the article, in violation of Title 19, United States Code, Section 1304;

All in violation of Title 18, United States Code, Sections 545 and 2.

## FORFEITURE ALLEGATION ONE

The SPECIAL FEBRUARY 2011-2 GRAND JURY further alleges:

1. The allegations contained in Counts One through Five of this indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Section 1343, as alleged in this indictment,

HEON SEOK LEE,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), include, but are not limited to, funds in the amount of approximately $206,916, which funds consist of the purchase price of the three turbo blowers KTURBO and KTURBO USA contracted to provide and provided to South Burlington, Vermont.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

        b.      Has been transferred or sold to, or deposited with, a third party;

        c.      Has been placed beyond the jurisdiction of the Court;

        d.      Has been substantially diminished in value; or

        e.      Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION TWO

The SPECIAL FEBRUARY 2011-2 GRAND JURY further alleges:

1. The allegations contained in Counts Six through Eight of this indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 545, and Title 28, United States Code, Section 2461(c).

2. As a result of his violations of Title 18, United States Code, Section 545, as alleged in Counts Six through Eight of this indictment,

HEON SEOK LEE,

defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 545, and Title 28, United States Code, Section 2461(c), all property and merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, as described in Counts Six through Eight of the indictment.

3. The interests of the defendant subject to forfeiture include but are not limited to:

    a. Approximately $490,918, which represents the value of the turbo blowers described in Counts Six through Eight of the indictment, which were introduced into the United States in violation of Title 18, United States Code, Section 545, between approximately February 2009 and February 2011; and

    b. The following shipments of turbo blowers seized by the United States:

      i.    The three turbo blowers affixed with "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $139,900, which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Indian Springs, Nevada, and which were seized by the United States.

      ii.    The three turbo blowers affixed with "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $190,000, which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Pendleton, Oregon, and which were seized by the United States; and

      iii.    The three turbo blowers affixed with "Assembled in USA" placards and with accompanying blower accessories, which had a total declared value of approximately $161,019, which turbo blowers and accessories were represented as being ultimately destined for a municipal wastewater treatment facility for Millbrae, California, and which were seized by the United States;

All pursuant to Title 18, United States Code, Section 545 and Title 28, United States Code, Section 2461(c).

      A TRUE BILL:

      _____

      FOREPERSON

_____
UNITED STATES ATTORNEY