IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 CR 109 |
| ) | Hon. Sharon Johnson Coleman |
| HEON SEOK LEE, ) | |
| ) | |
| Defendants. ) | |

DEFENDANT HEON SEOK LEE'S
MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE,
INCLUDING IMPEACHING INFORMATION

Now comes the Defendant, HEON SEOK LEE, by his attorneys SUSAN SHATZ and CYNTHIA GIACCHETTI, and hereby respectfully moves this Court pursuant to the principles of *Brady v.Maryland*, 373 U.S. 83 (1963) and *Giglio v.United States,* 405 U.S. 150 (1972), for disclosure of all of the following described materials within the possession, custody or control of the Government, or the existence of which is known or by the exercise of due diligence could become known to the Government.

To date, the Government, by Assistant United States Attorney Patrick Otlewski has provided Rule 16 discovery materials to the Defendant as well as additional discovery requested by the Defendant. While primarily documentary in nature, the discovery provided has also included reports of statements of some potential witnesses that would be covered by 18 USC §3500.

1

In its initial Rule 16 discovery letter, the Government stated that two weeks before trial it would provide "materials required by 18 USC §3500 and *Giglio v. United States* for those witnesses we intend at that time to call" except for materials discovered later or involving issues of witness safety.

Given the necessity of investigating and preparing for trial, Defendant requests that this Court order that any materials or information covered by, or arguably covered by, *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972), be disclosed to defense counsel at the time they are discovered by the Government rather than two weeks before trial. This will better insure adequate time for the defense to investigate and prepare for use of such information at trial and avoid the necessity of a request to delay the trial because of newly disclosed information.

In addition, Defendant hereby requests that this Court order production of the following specifically requested materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972):

The following requests for information are not limited to information memorialized in written form, but include information in any form, whether written, oral or recorded. Where the identity of persons is requested, name and last known address should be given, if known.

For purposes of this motion, the term "witness" includes any person who may be called to testify by the Government, any expert witness who may be called by the Government, any person whose information or opinion is relied on by any expert

2

witness who may be called by the Government, as well as any alleged co-conspirator, co-schemer, or person whose hearsay declarations the Government will seek to introduce at trial. Under Rule 806 of the Federal Rules of Evidence, the credibility of a non-testifying declarant may be attacked by any evidence which would be admissible for those purposes if that declarant had testified as a witness. Therefore, material going to the credibility of a non-testifying hearsay declarant is relevant to the trial of this case.

1.  Plea Agreements, Non-Subject and Non-Target Letters, Immunity, and Other Benefits

(a) Any and all consideration given to or promises made to any witness or expected or hoped for by the witness. By "consideration" defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, such as family members. Such "consideration" includes but is not limited to plea agreements, non-subject letters; non-target letters; criminal, civil or tax immunity grants; favorable treatment or recommendations or other assistance with respect to any pending or potential criminal, civil, tax, immigration, administrative, disciplinary or other proceeding with the Government, or with any other authority or any other parties; relief from forfeiture; payments of money, rewards or fees, witness fees or special witness fees; provision for food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program"; informer status of the witness; immigration status of the witness or persons of concern to the witness,

including family members; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the Government or against the defense or act as an inducement to testify or to color testimony.

(b) Copies of statements, if any, submitted by the Government or intended for submission by the Government to the pretrial services department of the United States District Court on behalf of any witness who has been sentenced or who is presently awaiting sentencing.

## 2. Potential Prosecutions and Other Issues or Proceedings.

Any and all information regarding criminal prosecutions, investigations or potential prosecutions pending or which could be brought against the witness or persons of concern to the witness, including family members; any probationary, parole, deferred prosecution or custodial status of the witness or persons of concern to the witness, including family members; any immigration, residency, or citizenship issues involving the witness or persons of concern to the witness, including family members; and any civil, tax-related, court of claims, administrative, licensing, regulatory, disciplinary or other pending or potential legal disputes or transactions with the federal Government, State of Illinois, City of Chicago, or any other government or regulatory entity.

## 3. Criminal Records

Any and all records and information revealing prior arrests and/or convictions, whether felony or misdemeanor, of any witness.

4. **Other Misconduct or Bad Acts**

Any and all records and information, whether written, oral, or contained in documents, regarding any misconduct or bad acts of or attributed to the witness, regardless of whether the witness admits the misconduct or bad acts. Such acts are not limited to violations of criminal law but would include acts which could affect, involve, or be considered probative of credibility or truthfulness, including but not limited to false statements of any kind, whether written or oral, perjury, tax liability, immigration, licensing, business, employment, regulatory compliance, administrative and disciplinary issues.

5. **Personnel Information and Disciplinary Information**

Any and all records and information, whether written, oral, or contained in documents, regarding any complaint, allegation, investigation, criticism, or disciplinary matter, regardless of whether such matter resulted in discipline, including but not limited to personnel records, disciplinary records, or internal investigations, of any person who may be called as a witness for the Government, including but not limited to witnesses who were previously or are presently employees of the federal, state, or local government, including the City of Chicago, or law enforcement officers or agents.

6. **Alcoholism, Drug Use, Psychiatric History**

Any and all information, records, or documents, whether oral or recorded, regarding any witness, as to the following:

5

    1. mental, emotional, or behavioral problems, symptoms, treatment, or examinations, or hospitalizations, including but not limited to psychiatric or psychological disorders;

    2. alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol abuse, use of alcohol, or any alcohol related disorder, whether physical, mental or behavioral;

    3. drug addiction or use of drugs, including but not limited to heroin, cocaine, marijuana, amphetamines, prescription or non- prescription drugs, including but not limited to use of, abuse of, symptoms of, examination for, treatment for, or hospitalization for use or abuse of such substances.

**7. Inconsistent or Exculpatory Statements of Witnesses**

    (a) Identify any and all occasions on which a witness made:

    1. a statement inconsistent with any other statement made by that witness;

    2. a statement inconsistent with the witness's predicted trial testimony;

    3. a statement inconsistent with the witness's actual trial testimony;

    4 a statement that the witness had no knowledge of the alleged criminal activity described in the indictment or the subject matter of his or her testimony;

    5. a statement that the witness was not involved in any criminal activity;

    6. a statement that the Defendant Heon Seok Lee was not involved in any criminal activity, including but not limited to the alleged criminal activity described in the indictment;

    7. a statement that any other person referred to in the Indictment was not involved in any criminal activity, including but not limited to the alleged criminal activity described in the indictment;

    8. a statement inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the Government;

    9. a statement inconsistent with the charges in the Indictment; or

    10. a statement inconsistent with the Government's legal or factual theory of the case.

    (b) As to each occasion above, identify and provide any notes, written statements, summaries of statements, or memoranda of such statements. Where no written record or evidence of such statement exists, identify the date, place and persons present for the statement and set forth a summary of the statement.

8. **Exculpatory Statements of Any Persons, Regardless of Their Status as A Witness**

    a) Identify the name and last known address of any person, regardless of their status as a witness, who has exculpatory information, including information that could be used to impeach the credibility of Government witnesses, including but not limited to the following:

    1. Any person who has denied having knowledge of any criminal activity on the part of the Defendant Heon Seok Lee or any person referred to in the Indictment as having been involved in alleged criminal activity;

7

2. Any person who has attested to the honesty, good character, lack of knowledge, and/or lack of involvement in criminal wrongdoing by Defendant Heon Seok Lee;

3. Any person who has made a statement inconsistent with the charges in the Indictment;

4. Any person who has made a statement inconsistent with the Government's legal or factual theory of the case;

5. Any person who has made a statement inconsistent with any statement, the predicted trial testimony, or the actual trial testimony of any Government witness;

6. Any person who has denied knowledge of or the existence of the alleged criminal activity described in the Indictment;

7. Any person who has given an expert, lay or other opinion favorable to the Defendant or contrary to the opinion of any expert, lay, or other opinion of any witness for the Government;

8. Any person who has any negative information regarding the qualifications of any expert for the Government;

9. Any person with information that could be favorable to the Defendant, consistent with his innocence, inconsistent with the Defendant's guilt, inconsistent with the testimony of any witness, impeaching of the credibility of any witness, inconsistent with the opinions of any expert witness, impeaching of the qualifications of any expert witness, inconsistent with the charges in the Indictment,

or inconsistent the Government's legal or factual theory of the case.

(b) As to each person above, identify and provide any notes, written reports, summaries of statements, or memoranda of such information. Where no written record or evidence of such information exists, set forth the source of an a summary of the information.

## 9. Exculpatory Documents, Data or Other Information

Identify and produce any documents, data, records, recordings, or information in any form, oral or written, which could be favorable to the Defendant, consistent with his innocence, inconsistent with the Defendant's guilt, inconsistent with the testimony of any witness, inconsistent with the opinions of any expert witness, impeaching of the qualifications of any expert witness, impeaching of the credibility of any witness, or inconsistent with the charges in the Indictment or the Government's legal or factual theory of the case, including but not limited to:

1. reports of interviews by investigating agents, attorneys, or others;

2. notes of interviews by investigating agents, attorneys, or others;

3. documents of any person, entity, organization, or institution connected in any way with the allegations of the Indictment;

4. recordings, including but not limited to consensual recordings and recordings made pursuant to eavesdropping or wiretapping;

5. computer records and computer data,

6. correspondence, texts, and e-mails;

    7. social media including but not limited to Facebook, Twitter, Linked-In, Instagram, and Snapchat;

    8. analysis or summaries, data compilations, test results, reports, results of experiments, results of examinations, results of review of records or other data, by any person, entity, organization, or institution;

    In support of the instant motion, defendant asserts that suppression of such material and relevant information will effectively deprive him of his ability to adequately prepare for defense, and the failure or refusal by the Government to produce the foregoing materials would constitute suppression of evidence favorable to the accused and an unconstitutional deprivation of the defendant's right to due process of law.

    WHEREFORE, Defendant Heon Seok Lee respectfully moves this Honorable Court to enter an order (1) that the Government must disclose to defense counsel any materials or information covered by, or arguably covered by, *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States,* 405 U.S. 150 (1972), at the time they are discovered by the Government and (2) that the Government produce the materials specifically requested in this Motion.

                              Respectfully submitted,

                              */s/Cynthia Giacchetti*
                              One of the Attorneys for the Defendant
                              Heon Seok Lee

Cynthia Giacchetti
53 West Jackson--Suite 1460
Chicago, Illinois 60604
312-939-6440

## CERTIFICATE OF SERVICE

Cynthia Giacchetti, one of the attorneys for the Defendant Heon Seok Lee hereby certifies that Defendant Heon Seok Lee's Motion for Disclosure of Exculpatory Evidence, Including Impeaching Information, was filed electronically using the Court's CM/ECF system and was served on all parties on January 7, 2016, by operation of the Court's electronic filing system in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

 /s/ Cynthia Giacchetti

.