UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 12 CR 109 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| | ) |
| HEON SEOK LEE | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE**

The United States of America by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, respectfully submits this response to Defendant Heon Seok Lee's Motion for Disclosure of Exculpatory Evidence, Including Impeachment Information (R. 47). For the reasons set forth below, the government submits that the motion should be denied.

**I.    BACKGROUND**

Defendant Heon Seok Lee, President of KTURBO and KTURBO USA, has been charged by indictment with five counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 1-5), and three counts of importing goods contrary to law, in violation of 18 U.S.C. § 545 (Counts 6-8). The indictment was filed February 16, 2012, and remained under seal until defendant's extradition from South Korea was completed in April 2015. R. 2. Defendant's case is set for trial on June 1, 2016. R. 40. On January 7, 2016, defendant filed his motion for disclosure of exculpatory evidence, including impeachment information. R. 47.

## II. ANALYSIS

### A. Defendant's Request for Immediate Disclosure of *Brady* and *Giglio* Material Should Be Denied.

Defendant asks for material covered by *Brady* and *Giglio* to be disclosed "at the time they are discovered by the Government rather than two weeks before trial." R. 47, Pg. 2. The government acknowledges its disclosure obligations under *Brady* and *Giglio*, but objects to defendant's belief that immediate disclosure of such materials is required by law.

It is important to note, at the outset, that *Brady* does not mandate disclosure of exculpatory or impeaching material at a specific time prior to trial, let alone immediate disclosure. *United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir. 1979). Disclosure must occur within such time as will allow the defendant to make effective use of the material at trial and thus ensure that defendant's right to a fair trial is not prejudiced. *Id.* The government will ensure that disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial. *See, e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993). In this case, the government will ensure that exculpatory information will be disclosed reasonably promptly after it is discovered.

The government's production of exculpatory and impeachment information reasonably promptly is consistent with Department of Justice policy and the law. Defendant's request for immediate disclosure, on the other hand, finds no support in the law. Indeed, defendant has offered no case law support for her argument, much

2

less a rationale rooted in the facts of this case to support her motion. In *United States v. Beckworth*, No. 86 CR 848, 1987 WL 8630 (N.D. Ill. Mar. 17, 1987), then District Court Judge Rovner faced a similar motion by a defendant. The court rejected the argument for immediate disclosure, holding that, "[i]n the absence of exceptional circumstances, none of which are apparent in this action, tender of *Brady* material one week prior to trial meets the government's obligation under *Brady*." *Id.* at *1. Consistent with this authority, the government asks that the Court deny defendant's motion for immediate disclosure of *Brady* and *Giglio* material.

    **B.    Defendant's Overly Broad Discovery Requests Are Inconsistent with *Brady* and *Giglio*, Requiring Their Denial.**

Defendant's motion, much of which appears to be boilerplate,[1] seeks a laundry list of information about the government's anticipated witnesses in this case. There are several problems with defendant's motion. First, while styled as a motion under *Brady* and *Giglio*, defendant has not offered any case law or legal analysis suggesting that any of the requested categories of information ought to be disclosed. To be sure, the government acknowledges its duty to disclose at the appropriate time information bearing directly on the credibility of its witnesses. Second, as defense counsel is undoubtedly aware, *Brady* and *Giglio* set limits on what material must be disclosed; that precedent is not a mechanism to explore the government's case files. *See Giglio*, 405 U.S. at 154 ("[a] combing of the prosecutors'

---

[1] As far back as 2005, in *United States v. Sullivan*, 05 CR 644, defense counsel filed a motion for disclosure that was substantially similar to the one filed in this case.

3

files" is not required; rather, "a finding of materiality of the evidence is required" for disclosure); *United States v. Bagley*, 473 U.S. 667, 675-76 (1985) (only "material" impeachment information need be disclosed under *Giglio*); *United States v. Merlino*, 349 F.3d 144, 155 (3d Cir. 2003) (affirming the denial of a defense request to turn over all recorded telephone conversations of prosecution witnesses while they were incarcerated; "[t]he fact that some percentage of the tapes that were turned over contained information favorable to the defense is not enough, in light of Brady's materiality requirement").

Third, defendant requests information beyond the members of the prosecution team. Such overbroad discovery requests should be rejected out-of-hand as beyond the scope of *Brady* and *Giglio*. Under the Constitution, the government has an affirmative obligation "to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). That said, the Seventh Circuit has held that *Kyles* cannot "be read as imposing a duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue." *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir.1996). Indeed, certain of defendant's requests would require the government to conduct a separate investigation on behalf of the defense, and into matters that have, at best, the most tenuous relevance to this case. But the Constitution certainly does not require the government to do defense counsel's work for them. *See United States v. Rodriguez*, 162 F.3d 135, 147 (1st Cir. 1998) ("The

4

government has no *Brady* burden when the necessary facts for impeachment are readily available to a diligent defender, as they were here.").

The government's specific responses and objections to the categories of information sought by defendant follow.

### 1. Witness Benefits

The government specifically agrees to provide information concerning grants of immunity, plea agreements, and other material favors or promises to testifying witnesses. The government agrees that under *Giglio*, it must (and has or will) disclose any threats made against witnesses that were relevant to their decisions to cooperate, if any such threats were made. To the extent defendant seeks more, the request is overbroad and inconsistent with *Giglio*, requiring denial of the request.

### 2. Potential Prosecutions, Criminal History, Pending Criminal Charges, Other Bad Acts

The government will disclose prior felony convictions and other evidence that may be used to impeach government witnesses under Federal Rule of Evidence 608(b). The government objects to disclosure of arrests, non-prosecuted criminal activity, and general "misconduct or bad acts" attributed to a witness that do not bear on the witness's truthfulness. *United States v. Beverly*, 87 CR 521, 1998 WL 48291, *2 (N.D. Ill. May 11, 1988) (Williams, J.) (denying defendant's request for government disclosure of each witness's "prior acts of misconduct," to the extent not required by *Giglio*); *United States v. Abadie*, 879 F.2d 1260, 1267 (5th Cir. 1989)(arrests not proper basis for impeachment and thus not required to be produced).

5

### 3. Personnel and Disciplinary Information

Defendant's request for all records relating to any complaint, allegation, investigation, criticism or disciplinary matter in the personnel file or disciplinary file of any witness is overbroad.

In compliance with the Department of Justice's policy, members of the prosecution team are in the process of contacting legal counsel for the law enforcement agencies that employ the law enforcement officials who will testify at trial. Agency counsel will review the agency's personnel files of every prospective law enforcement witness in this case to determine if the files contain any information that would bear adversely on the credibility of that person. If they do, the prosecutors in this case will review that information to determine whether it must be disclosed to the defense, erring on the side of disclosure. If the government is uncertain about whether any particular information should be disclosed, the government will submit the information to the Court *in camera* for a ruling

As to other witnesses, the government will supply any such records it receives from a municipality or another source in response to subpoenas, if the records are subject to production under *Brady* and *Giglio*. To the extent defendant seeks documents not within the government's custody or control, the request should be denied.

### 4. Alcoholism, Mental Health and Drug Abuse

To the extent the government is in possession of information regarding a witness's alcoholism, mental health, and/or drug abuse, and to the extent the information is probative of a witness's perception, ability to recall events, and

truthfulness, it will be produced as required by *Giglio* in advance of trial. Although the government is required to disclose material impeachment information in possession of the prosecution team regarding the mental or physical impairment of a witness at either the time of trial or when the events about which the witness will testify took place, it has no affirmative obligation to find such information. *See United States v. Skorniak*, 59 F.3d 750, 755-56 (8th Cir. 1995) ("while *Brady* requires the Government to tender to the defense all exculpatory evidence in its possession, it establishes no obligation on the Government to seek out such evidence") (internal citation omitted, emphasis in original). The prosecution team is not presently aware of any such information, but will produce it if and when it becomes available.

### 5. Inconsistent, Exculpatory Witness Statements

Defendant's request for statements inconsistent with a witness's predicted trial testimony and inconsistent with the witness's actual trial testimony are impractical, overbroad, and inconsistent with requirements of *Brady* and *Giglio*. The government will disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the government intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information will be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant. Moreover, if the trial testimony of a prosecution witness is materially inconsistent with a prior statement of that witness to a member of the prosecution team, and that inconsistency is not

apparent from discovery materials produced to the defense, the government will bring the inconsistency to the attention of the defense.

To the extent defendant seeks statements by witnesses that do not mention the defendant or which indicated that the defendant was not involved in criminal activity, the request is overbroad. Defendant requests any witness statement omitting mention of him, regardless of whether the witness had reason to know whether defendant was engaging in wrongdoing or reason to mention defendant in the context of a given statement. The government will, however, ensure the production of statements that affirmatively indicate defendant was not engaged in wrongdoing, or omit mention of defendant and were made by a witness in a position to know whether defendant was engaged in illegal conduct in a context in which the witness likely would have mentioned defendant if the witness believed defendant committed criminal acts. *See United States v. Deleo*, No. 90 CR 1044, 1991 WL 111172, at *2 (N.D. Ill. June 5, 1991) (Rovner, J.).

Furthermore, defendant's request for all notes, written statements, summaries of statements, and memoranda is overly broad and not required by *Brady* and *Giglio*. As the Court is well aware, the government is not required to disclose those materials to the defense on demand. *United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997).

### 6. Exculpatory Statements and Records

The government acknowledges that disclosure of material exculpatory evidence is part of the constitutional guarantee to a fair trial. *See Brady v.*

*Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). Because this is a Constitutional obligation, the government has been keen to its obligations to disclose *Brady* material regardless of defendant's request. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Nonetheless, the Constitution does not create a general discovery right for trial preparation or plea negotiations, which is essentially what defendant seeks. *United States v. Ruiz*, 536 U.S. 622, 629 (2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

Defendant's requests covered in these categories are overly broad, not based in the specifics of this case, and are inconsistent with the law. *See United States v. Navarro*, 737 F.2d 625, 631-32 (7th Cir. 1984) ("'A due process standard which is satisfied by mere speculation would convert Brady into a discovery device and impose an undue burden upon the district court"); *United States v. Milikowsky*, 896 F.Supp. 1285, 1309 n.38 (D.Conn. 1994) ("'Were this court to grant the Defendants' motion, it would set an absurd precedent, allowing defendants to scour the working notes of prosecutors upon the mere accusation that the government has not sufficiently disclosed every potentially exculpatory detail.").

As the Court is well aware, the standard under *Brady* and *Giglio* is whether the evidence in question is material to a finding of guilt, that is, when there is a reasonable probability that effective use of the evidence will result in an acquittal. *United States v. Bagley*, 475 U.S. 667, 676 (1985). The government recognizes that sometimes it may be difficult to assess the materiality of evidence before trial. As a result, the government generally takes a broad view of materiality and will err on

9

the side of disclosing exculpatory and impeaching evidence, particularly if admissibility is a close question. *Kyles*, 514 U.S. at 439.

The government will ensure disclosure of exculpatory and impeachment information beyond that which is constitutionally and legally required. A fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court, but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence. As a result, the government will disclose information beyond that which is "material" to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). However, the government will remain vigilant to ensure that the trial in this case will not involve consideration of irrelevant information and information not significantly probative of the issues before the court. Consistent with the foregoing, the government will disclose information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the government believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully submits that Defendant Heon Seok Lee's Motion for Disclosure of Exculpatory Evidence, Including Impeachment Information (R. 47) should be denied.

          Respectfully submitted,

          ZACHARY T. FARDON
          United States Attorney

By:   s/ *Patrick M. Otlewski*
      PATRICK M. OTLEWSKI
      RAJNATH LAUD
      Assistant U.S. Attorneys
      219 South Dearborn St., Rm. 500
      Chicago, Illinois 60604
      (312) 353-5300

Dated: January 19, 2016

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that this document was served on January 29, 2016, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

                                         s/ *Patrick M. Otlewski*
                                         PATRICK M. OTLEWSKI
                                         Assistant United States Attorney