IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 109 |
| | ) | Hon. Sharon Johnson Coleman |
| HEON SEOK LEE, | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT HEON SEOK LEE'S
REPLY TO GOVERNMENT RESPONSE TO DEFENDANT'S
MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE,
INCLUDING IMPEACHING INFORMATION

Now comes the Defendant, HEON SEOK LEE, by his attorneys SUSAN SHATZ and CYNTHIA GIACCHETTI, and in reply to the Government's Response to Defendant's Motion for Disclosure pursuant to the principles of *Brady v.Maryland*, 373 U.S. 83 (1963) and *Giglio v.United States,* 405 U.S. 150 (1972), states as follows.

First, in its Response the Government has now indicated that it will produce exculpatory and impeachment information "reasonably promptly after it is discovered." P. 2-3. If followed by the Government in good faith, Defendant does not object to that timing of disclosure. "Reasonably promptly after it is discovered" does not appear to be much different than what the Defendant requested in his motion: that such materials be produced "at the time they are discovered by the Government." Moreover, the Government's present proposal is more reasonable

1

than its earlier position, which was that such materials would not be disclosed until two weeks before trial.

Second, the essence of the Government's objections appears to be to the scope of the materials requested by the Defendant pursuant to *Brady* and *Giglio.* There is no question that the requests are both broad and specific and cover numerous categories of information. However, requests pursuant to *Brady* and *Giglio* must be so if they are going to effectively protect the Defendant's constitutional rights as well as put the Government on notice as to the materials being requested.

*Brady* and *Giglio* requests are by their nature anticipatory. The Defense cannot look into the future so as to know what form exculpatory or impeachment information may take in a particular case. However, the categories requested in the Defendant's motion, if they exist, are the classic types of information that are likely to constitute exculpatory or impeaching information. All of the categories will obviously not exist in every cases, but some will likely exist in each case.

Third, contrary to the Government's claim, Defendant has not requested that the Government "conduct a separate investigation on behalf of the defense". However, the prosecutor has an affirmative duty to learn of and disclose any exculpatory or impeachment evidence known to others acting on the government's behalf in the case, including any agents, investigators, or officers involved in the investigation. *See, e.g., Youngblood v. W.Va.,* 547 U.S. 867, 869-70 (2006), *Kyles v. Whitney,* 514 U.S. 419, 437 (1995). Moreover, should the Government receive

2

information that has exculpatory or impeachment potential but needs further investigation, it is the Defendant's position that the Government must provide such information to the Defendant under *Brady* and *Giglio* so that the Defendant can perform the necessary investigation.

Fourth, it is Defendant's position that the Government should not be the final arbiter of whether any of the requested information is "exculpatory" or "impeaching." In the event the Government obtains any of the types of information requested by the Defendant but believes it does not have to be produced to the Defense because in the Government's view the information is not "exculpatory" or "impeaching", Defendant requests that this Court order that any such materials or information be provided to the Court *in camera* to determine whether that information should be produced to the Defense.

Wherefore, Defendant respectfully moves this Court to grant Defendant's Motion for Disclosure of Exculpatory Evidence, Including Impeaching Information, and to order that, in the event the Government obtains such information but does not believe it needs to be disclosed, that such information be submitted to the Court *in camera* for review and judicial ruling as to disclosure.

Respectfully submitted,

*/s/Cynthia Giacchetti*
One of the Attorneys for the Defendant
Heon Seok Lee

Cynthia Giacchetti
53 West Jackson--Suite 1460
Chicago, Illinois 60604
312-939-6440

CERTIFICATE OF SERVICE

Cynthia Giacchetti, one of the attorneys for the Defendant Heon Seok Lee hereby certifies that Defendant Heon Seok Lee's Reply to Government's Response to Defendant's Motion for Disclosure of Exculpatory Evidence, Including Impeaching Information, was filed electronically using the Court's CM/ECF system and was served on all parties on February 5, 2016, by operation of the Court's electronic filing system in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

 /s/ Cynthia Giacchetti

.