

KTurbo USA, Inc.
1183 Pierson Drive, Unit 118
Batavia, IL 60510

Main: 630-406-1473
Fax: 630-406-1538

IL Northern District Court
219 S Dearborn Street, 20th Floor
Chicago, IL 60604

**FILED**

APR 0 6 2016

April 5, 2016

Reference: Case 12 CR 109

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Dear Sir/Madam,

Further to my phone conversation this morning with Yvette, please find enclosed printed copies of the documents sent by email to our office by Mr. Choi of KTurbo's corporate office in S Korea. I was instructed to submit them to the court as a third-party petition on behalf of the company. It is my understanding that they are seeking, amongst other things, the release of Mr. H S Lee, as his absence from the company has caused it great financial loss.

Respectfully,

Martin Barson
Office/Warehouse Manager, KTurbo USA

Email: martin@kturbousa.com

cc. Judge Sharon Johnson Coleman

Honorable Judge Sharon Johnson Coleman,

KTurbo is under legal management by Government, and I am in charge of legal management of KTurbo Inc.

KTurbo is in critical situation.
We have been confident that HSLee will be released very soon since company attorney confirmed that KTurbo is not recipient or sub-recipient of ARRA fund. However, company cannot stand good because indictment extended too long. Therefore, I clearly declare our position of KTurbo Inc.

1. Company lawyer reviewed extradition document from USA.
   a. **KTurbo is not recipient or sub-recipient of ARRA fund**.
      Therefore, US code 2 cannot stand on KTurbo.
      (OMB Circular A133, supplying goods is not federal award)
   b. According to extradition treaty article 15, US court has jurisdiction only when KTurbo is recipient or sub-recipient.
   c. Especially, prosecutor said in Grand Jury that Federal Jurisdiction comes from ARRA fund receiving.
   d. Therefore, **we believe that all the problems happened due to misconception that KTurbo is sub-recipient of ARRA fund.**

2. We got opinion about **WTO GPA** from foreign trading lawyer.
   a. Korea product must be treated as domestic goods, when it is applied to the project which size is over 7.4MUSD. (2 CFR 176.160)
   b. Therefore, we believe delivering assembled blower is not non-substantial transformation but **a violation of US trade law by USA.**

KTurbo who has thousands of interested party strongly request
**1) Prompt releasing HSLee who is most important asset of KTurbo**
**2) Releasing debarment and return seized blowers**
**3) prompt damage recovery to KTurbo**

Respectfully,
Kyoo Cick, Choi
Chief of Legal management of KTurbo Inc.

# Analysis of 12 CR 109
# All facts of the indictment are not true
## except name of defendant
## - Not a Crime, Not even Breach of contract -

1. **All facts are not true.**
   - no substantial transformation
   - received ARRA fund / contract with municipality
   - false certification / email to municipality

2. **KTurbo is not recipient of ARRA fund and did not receive ARRA fund.**
   - US code 2 (Principal against US) is not valid to non-recipient.
   - Wire Fraud against US (1343 and 2) cannot stand on non-recipient.
   - Smuggling against US(545 and 2) cannot stand on non-recipient.

3. On the other hand,
   - **This is violation of United States obligation of international agreement. (WTO GPA)**

4. **Not a Crime, Not even Breach of contract**
   - No underlying statue, WTO GPA (2 CFR $176.160, applying to over 7.4MUSD project)
   - No probable cause / No Scheme / No object to defraud / Structure of Impossible Fraud

5. **This poor indictment was originated from the prosecutor's lack of knowledge of ARRA law.**

1

# Important findings

1. Not a recipient of ARRA fund (PL111-5)

2. Certification is not false ("Will")

3. Did not send certification email to municipality (REP witnessed)

4. Did not receive contract from municipality (Lying of prosecutor)

5. Korea product is treated as domestic goods (WTO GPA, 2 CFR $176.160)

6. Lack of Federal Jurisdiction (Grand Jury)

# Basic issue - Condition of prosecution

1. **Grand Jury would have not approved, if the following had been known.**
    A. Big difference of damage amount
        - Indictment : 1.34MUSD
        - Actual ARRA fund amount of the total PO : 0.056MUSD (estimate)
            ❖ South Burlington project : 4.2% of project cost came from ARRA fund
    B. Actual received ARRA fund : almost **none**

2. **Prosecuting accessory without the principal(Contractor, Recipient) is impossible**
    A. Not a recipient of ARRA fund
        ❖ Municipalities are recipient in this case.
        ❖ US code 2 is for ARRA recipient who violated PL111-5
    B. Did not receive contract from municipality (Lying of prosecutor)
    C. Did not send certification email to municipality (REP witnessed)
        ❖ Certification is not false ("Will")

3. **Jurisdiction**
    A. Grand Jury approved Federal Jurisdiction only on ARRA recipient
        ❖ Mr. Otlewski : When ARR becomes involved, it becomes a federal case.
    B. US court has jurisdiction only on ARRA recipient
        ❖ Extradition treaty Article 15. Rule of specialty
    C. Korea product is treated as domestic goods
        ❖ WTO GPA, 2 CFR $176.160

# 1. Not a Crime, Not even Breach of contract

1. **Charges are Felonious crime against US as an ARRA recipient.**
   - Sealed, Debarment, Extradite, 1.5 Year Restriction

2. **However, KTurbo is not a recipient of ARRA fund. (not sub-recipient, even not vendor)**
   - **Section 1605 Buy American is provision to be implemented in Federal Government contracts.** (Federal Register, March 31, 2009)
   - OMB Circular A-133
     - **Recipient** means a non-Federal entity that expends Federal awards received **directly** from a Federal awarding agency to carry out a Federal program. **Subrecipient** means a non-Federal entity that expends Federal awards received from a pass-through entity to carry out a Federal program, but does not include an individual that is a beneficiary of such a program.
     - **Federal award** means <u>Federal financial assistance</u> and Federal cost-reimbursement contracts that non-Federal entities receive directly from Federal awarding agencies or indirectly from pass-through entities. <u>It does not include procurement contracts, under grants or contracts, used to buy goods or services from vendors</u>.
   - In other words, KTurbo did not receive any financial assistance from ARRA fund as a serial production goods supplier. So, KTurbo is not recipient or subrecipient of ARRA fund. (Even contractor is not recipient or subrecipient.)

3. **Furthermore,**
   - **The certification to construction company is true and properly performed. (WTO GPA)**
     - Korea goods must be treated as domestic one. (WTO GPA, 2 CFR $176.160, over 7.4MUSD project)
     - Violation of obligation of international agreement by US government.
   - **Fatally defective indictment with many wrong facts.**
     - contract from municipality, name of victim, recipient of certification, private owned company
     - **Without 1605(a) violation as ARRA fund recipient, the court has no jurisdiction according to Extradition Treaty.**
   - **Malicious prosecution.**
     - From the beginning, prosecutor knew that it was not government contract. (ARM A, Sec. 71, Apr. 2011)
     - He could have found the truth, if he had followed the law.
     - All illegal processes is giving huge irreparable damage to world leading pioneer of new energy machine.

5

## 2. Structure of ARRA ; KTurbo is not recipient/sub-recipient even not vendor

Federal Register / Vol. 74, No. 60 / Tuesday, March 31, 2009 / Rules and Regulations 14624
**SUPPLEMENTARY INFORMATION:**
**A. Background**
On February 17, 2009, the President signed Public Law 111–5, the American Recovery and Reinvestment Act of 2009, which includes a number of <u>provisions to be implemented in Federal Government contracts. Among these provisions is section 1605, entitled "Buy American."</u> It prohibits the use of funds appropriated or otherwise made available by the Act for any project for the construction, alteration, maintenance, or repair of a public building or public work unless all of the iron, steel, and manufactured goods used in the project are produced in the United States. The law requires that this prohibition be applied in a manner consistent with U.S. obligations under international agreements.

OMB Circular A-133
**Federal award** means Federal financial assistance and Federal cost-reimbursement contracts that non-Federal entities receive directly from Federal awarding agencies or indirectly from pass-through entities. <u>It does not include procurement contracts, under grants or contracts, used to buy goods or services from vendors</u>. **The payments received for goods or services provided as a vendor** would **not** be considered **federal awards**.



Only recipient and sub-recipient is responsible for PL111-5.

**2 CFR $176.130**
If the review reveals that a recipient or sub-recipient has used foreign iron, steel, and/or manufactured goods without authorization, take appropriate action

7

## 3. ARRA fund flow



Important !
1. ARRA fund is Federal award(financial assistance) provisioned from PL111-5.
2. **Payment for the goods is not receiving ARRA fund at any case.**

9

# Wrong certification flow in Indictment

**City** ← Contractor ← REP ← KTurbo

1) REP says
2) Investigation report says

Indictment says (Wrong)

ARRA certification

---

speed turbo equipment." Montanaro confirmed that KTURBO provided the "Buy American" certification he then sent via email message to the project manager for the construction company hired by South Burlington. Attached to this affidavit as

50. I interviewed Montanaro, who stated that his company had a business relationship with KTURBO and he was the manufacturing representative for KTURBO blowers in the upper northeast of the United States. Montanaro said that KTURBO provided certifications stating that KTURBO was in compliance with the Recovery Act. Attached to this affidavit as Exhibit O is a copy of the email message sent by Montanaro, dated June 7, 2010.

51. I determined that the email company that serviced the email for Montanaro's email account was located in Texas at the time of his email to the construction company for the Lowell, Massachusetts, wastewater project. I determined that the construction company used an email server located in New Hampshire.

HEON SEOK LEE, defendant herein, for the purpose of executing the scheme, did knowingly transmit and cause to be transmitted by means of a wire communication in interstate commerce certain writings, signs, and signals, namely, an email communication from Sales Representative WW to a representative of the municipal wastewater treatment facility for South Burlington, Vermont, which email communication attached a false "Buy American" certification;

In violation of Title 18, United States Code, Sections 1343 and 2.

13

# KTurbo Certification is
# for the future performance per specific project, because it is system product

**MANUFACTUER'S BUY AMERICAN CERTIFICATION**

KTurbo, INC. acknowledges to and for the benefit of Jerseyville, IL. ("OWNER") that it understands the goods and services consisting of TB-50-0.65 blower packages on the Jerseyville, IL project ("PROJECT") KTurbo, INC. is providing are being made available for a project being funded with monies made available by the federal American Recovery and Reinvestment Act of 2009 (ARRA), and such law contains provisions commonly known as "Buy American" that requires all the iron, steel, and manufactured goods used in the project be produced in the United States ("Buy American Requirements"). KTurbo, INC. hereby represents, certifies and covenants to OWNER and CONTRACTOR that (a) KTurbo, INC. has reviewed and understands the Buy American Requirements, (b) all of the iron, steel, and manufactured goods specified which Kturbo, INC. proposes to provide for the project will be and/or have been produced in the United States in a manner that complies with the Buy American Requirements, unless a waiver of the requirements is approved, and (c) KTurbo, INC. will provide any further verified information, certification, or assurance of compliance with this paragraph, or information necessary to support a waiver of the Buy American Requirements, as may be requested by OWNER or CONTRACTOR. KTurbo, INC.'S determination that manufactured goods (but not necessarily all components or subcomponents) will be and/or have been produced in the United States in a manner that complies with the Buy American Requirements is based on a good-faith interpretation of the EPA 3-part test for determining whether substantial transformation has occurred in the United States as well as case precedent under the substantial transformation test utilized by U.S. Customs.

KTurbo, Inc.

Hanky SeungEunLee

**Will** be and/or have been produced in the United States in a manner that complies with the Buy American

When it is not performed, it is breach of contract.

15

## Certification of Parts manufacturer certifies characteristics of its company

http://www.apollovalves.com/_docs/buy_america_compliance.pdf



**Even if this is not performed just one time, it is false representation.**

16

# Indictment Analysis

|  | Offense in indictment | Truth | Comment |
|---|---|---|---|
| Victim | City | NO | City did not have any contact and contract with KTurbo. (Fatal Variance) City did not have certification. City did not depend on the certification. City did not know the price of blower. (Lump sum project) Contractor has sole responsibility. Contractor has right to change blower supplier. |
| Scheme | 1. Procured contract with city | NO | KTurbo did not get contract from City. |
|  | 2. Sent false certification to city | NO | KTurbo did not sent certification to municipality. The certification is not false |
|  | 3. Did not perform substantial transformation in US | NO | KTurbo product is domestic product according to WTO GPA. Korea is treated as domestic place. |
|  | 4. Intended to obtain ARRA fund 1.34MUSD | NO | KTurbo is not recipient of ARRA fund. |
| Charge | 1. Sent false certification to City via email<br>• 1343 : Wire Fraud<br>• 2 : Offense against United States | NO | The certification was not sent to City, and it is not false certification. KTurbo is not recipient of ARRA fund. |
|  | 2. Import contraband(blowers contrary to law) with wrong country of origin placard.<br>• 545 : Smuggling<br>• 2 : Offense against United States | NO | KTurbo is not a recipient of ARRA fund and is not ruled by PL111-5. KTurbo is not a recipient of ARRA fund . |

20

# 18 US Code 2 : Principal against US
## The difference between Recipient and Non-Recipient

**18 U.S. Code § 2 – Principals**

(a) Whoever commits an **offense against the United States** or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

http://www.usatoday.com/story/news/politics/2014/02/16/recovery-act-stimulus-fraud-convictions/5400705/

1. Recipient who is responsible for PL111-5
   - Gregory Yates
   - 12-cr-20045-MPM-DGB
   - 18 USC § **2** and **1344**

2. Non-Recipient who is not responsible for PL111-5
   - Michael W. Booth
   - 12-cr-00135-wmc
   - 18 USC § **1344**

21

## Government Acquisition

**§176.90 Non-application to <u>acquisitions</u> covered under international agreements.**

(a) Acquisitions covered by international agreements. Section 1605(d) of the Recovery Act provides that the Buy American requirement in section 1605 shall be applied in a manner consistent with U.S. obligations under international agreements. (1) The Buy American requirement set out in 176.70 shall not be applied where the iron, steel or manufactured goods used in the project are from a Party to an international agreement, listed in paragraph (2), <u>and the recipient is required under an international agreement</u>, **described in the Appendix to this Subpart**, <u>to treat the goods and services of that Party the same as domestic goods and services.</u> This obligation shall only apply to projects with an estimated value of $7,443,000 or more and projects that are not specifically excluded from the application of those agreements.

APPENDIX – to Subpart B of 2 CFR part 176-- U.S. States, Other Sub-Federal Entities, and Other Entities Subject to U.S. Obligations under International Agreements.

| STATES | Entities Covered | Exclusions | Relevant International Agreements |
|---|---|---|---|
| Arizona | Executive branch agencies | | -WTO GPA (except Canada) <br> -U.S.-Chile FTA <br> -U.S.-Singapore FTA |
| Arkansas | Executive branch agencies, including universities but excluding the Office of Fish and Game | construction services | -WTO GPA (except Canada) <br> -DR-CAFTA <br> -U.S.-Australia FTA |

# Construction project

**§176.160 Award term- Required Use of American Iron, Steel, and Manufactured Goods (covered under International Agreements)—Section 1605 of the American Recovery and Reinvestment Act of 2009.**

When awarding Recovery Act funds for construction, alteration, maintenance, or repair of a public building or public work that involves iron, steel, and/or manufactured goods materials covered under international agreements, the agency shall use the following award term:

(b) *Iron, steel, and manufactured goods.*
(1) This award term and condition implements
(i) Section 1605(a) of the American Recovery and Reinvestment Act of 2009 (Pub. L. 111-5) (Recovery Act), by requiring that all iron, steel, and manufactured goods used in the project are produced in the United States; and
(ii) Section 1605(d), which requires application of the Buy American requirement in a manner consistent with U.S. obligations under international agreements. <u>The restrictions of section 1605 of the Recovery Act do not apply to designated country iron, steel, and/or manufactured goods. The Buy American requirement in section 1605 shall not be applied where the iron, steel or **manufactured goods used in the project** are from a Party to an international agreement</u> that obligates the recipient to treat the goods and services of that Party the same as **domestic goods and services.** This obligation shall only apply to projects with an estimated value of $7,443,000 or more.

68

*Attachment 12.A.1*

## Buy American Requirements

The undersigned understands this public works project is subject to the Buy American requirements of the American Recovery and Reinvestment Act of 2009 and agrees to comply fully with these provisions.

Public Law 111-5, the American Recovery and Reinvestment Act of 2009 (the Act) provides significant levels of funding for states to finance high priority infrastructure projects. The Act includes "Buy American" provisions in section 1605 that require funding recipients (including the undersigned and its subcontractors) to use iron, steel and manufactured goods produced in the United States. Application of this requirement will be consistent with United States obligations under international agreements.

(Manufactured goods means a good brought to the construction site for incorporation into the building or work that has been (1) processed into a specific form and shape; or (2) combined with other raw material to create a material that has different properties than the properties of the individual raw materials)

Signature: _____  Date: 9/16/09

Title: CFO / Corporate Secretary  Company: Apollo, Inc




**Date:** September 28, 2012

### SHARP SOLAR MODULES/PANELS – QUALIFY for "BUY AMERICAN"

**American Recovery and Reinvestment Act (ARRA) 2009**
- ARRA Stimulus Package includes a *"Buy American"* clause, which is in accordance with U.S. Trade Agreement Act (FAR 52.225-5).
- Under International Agreements, the Government may acquire "U.S. made or designated country end products."

**Trade Agreement Act (1979) [FAR 52.225-5]**
- <u>U.S. made end product</u>
  An article that is mined, produced, or manufactured in the United States or that is substantially transformed in the United States into a new and different article of commerce with a name, character, or use distinct from that of the article or articles from which it was transformed. (FAR 25.003)

- <u>World Trade Organization – Government Procurement Agreement (GPA) country end products</u>
  Each of the following countries is a WTO GPA country: Aruba, Austria, Belgium, Canada, Cyprus, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hong Kong, Hungary, Iceland, Ireland, Israel, Italy, Japan, Korea (Republic of), Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Singapore, Slovak Republic, Slovenia, Spain, Sweden, Switzerland, Taiwan and United Kingdom.

**Sharp solar modules are manufactured in the United States and Japan, and qualify as "American" goods under the "Buy American" clause of the American Recovery and Reinvestment Act (ARRA).**

*Sharp's Japanese origin Thin Film Solar Modules comply with the "Buy American" provisions of the ARRA and GPA and can be bought or sold under this Buy American standard provided that the purchase is part of a construction contract with an estimated acquisition value of $7,804,000 or more, which is the minimum threshold for the project for the international agreements to apply, and the contract/agreement does not specifically exclude compliance with international trade agreements as being acceptable for "Buy American".

72

# Appendix 5. Extradition Treaty

Article 15

Rule of Speciality

1. A person extradited under this Treaty may not be detained, tried, or punished in the Requesting State except for:
(a) the offense for which extradition has been granted or a differently denominated offense based on the same facts on which extradition was granted, provided such offense is extraditable, or is a lesser included offense;
(b) an offense committed after the extradition of the person; or
(c) an offense for which the executive authority of the Requested State consents to the person's detention, trial, or punishment for an offense;

**Excluding US code 2 is widening granted offense.**
**Therefore, excluding US code 2 is not allowed.**