



KTurbo USA, Inc.
1183 Pierson Drive, Unit 118
Batavia, IL 60510

Main: 630-406-1473
Fax: 630-406-1538

IL Northern District Court
219 S Dearborn Street, 20th Floor
Chicago, IL 60604

May 26, 2016

**FILED**
MAY 27 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Reference: Case 12 CR 109

Dear Sir/Madam,

Please find enclosed, printed copies of the documents emailed to our office by Mr. Choi of KTurbo's corporate office in S Korea. I have been instructed to submit them to the court as a third-party petition on behalf of the company. It is my understanding that they are seeking, amongst other things, the release of Mr. H S Lee, as his absence from the company has caused it great financial loss.

Respectfully,

Martin Barson
Office/Warehouse Manager, KTurbo USA

Email: martin@kturbousa.com

cc. Judge Sharon Johnson Coleman

Dear Honorable Judge Colemann,

I hope my honor read my previous letter which inform that the prosecutor has misled grand jury by lying and ignorance of law. However, it is surprising that the prosecutor still does not inform the truth to the court. Strictly speaking, he is knowingly violating his duty to inform false statement and **exculpatory evidences**.

Especially, he misled grand jury by wrong understanding of the statue (PL111-5, Section 1605). KTurbo is a vendor to supply blower to contractor and vendor is not awarded ARRA fund according to OMB Circular A-133. However, prosecutor stated that KTurbo received ARRA fund as a supplier of blower. **Wrong understanding of statue by law enforcement is serious misleading.**

He misled grand jury as following.

1. KTurbo does not have contract with municipality and is a vendor of contractor. However, prosecutor did not inform this very basic facts to grand jury. Without government contract, defrauding United States is impossible and grand jury would have not approved the indictment.

2. Prosecutor did not give introduction about ARRA law. With knowledge of ARRA law, grand jury could have known that KTurbo is not recipient of ARRA fund and is not subject to 1605.

3. KTurbo is not recipient of ARRA fund. This is very clear from PL111-5. Therefore, federal court does not have jurisdiction as prosecutor said. He and investigator knew ARRA law very well, because EPA is the entity who enforce ARRA fund. However, he did not introduce ARRA law to grand jury and misled grand jury that KTurbo received ARRA fund as a vendor. That statement is illegal. So, grand jury approved charging US code 2 (offense against United States), because it is defrauding United States. Without ARRA fund receiving, grand jury would have not approved the indictment.

4. KTurbo sent certification to contractor not to the municipality, which was testified by sales REPs and was reported by investigator. However, prosecutor knowingly did not inform the truth to grand jury. If prosecutor reported the false statement of witness, grand jury would have not approved the indictment.

5. KTurbo did not certified for Buy American provision. It is very clear in the certification and the statement that vendor certified Buy American provision is illegal. But, prosecutor knowingly did not inform the false statement of witness to grand jury. If grand jury had known that the certification is providing Buy American requirement

compliance blower, grand jury would have not approved the indictment, because it is contractual dispute between two companies.

6. Grand jury understood that KTurbo certified for the already produced goods from false witness. Prosecutor knew that KTurbo certified future performance before getting purchase order from contractor. However, he did not inform the truth to grand jury. If prosecutor had informed the false statement, grand jury would have not approved the indictment.

7. Prosecutor did not investigate contractor. And intentionally did not summon any contractors for the grand jury. This is violation of 2 CFR 176.130 which is only one law to enforce ARRA fund. This proves prosecutor's intention of cheating grand jury. If contractor had witnessed that KTurbo is supplier to contractor and contractor has sole responsibility for ARRA compliance, grand jury would have found contractual dispute as grand juror said and would have not approved the indictment.

8. Finally, without permission of grand jury, prosecutor modified indictment that KTurbo certified for the future performance. This is more than misleading. It is cheating grand jury and illegal.

Without question, above facts prove misconduct of grand jury. I attached one page chart to show misleading grand jury.

Please consider dismissal or remanding to grand jury.

Respectively,

Choi

## Prosecutor misled Grand Jury – False Testimony/Exculpatory Evidence

| Witness (KTurbo employee) | Truth | Prosecutor | Grand Juror | Indictment | Misleading |
|---|---|---|---|---|---|
| Contracts from municipality (Investigator intentionally hiding) | Not True | Agreed | - | Contracts from municipality | **Cheating GJ knowingly.** Misleading GJ for the very basic fact. KTurbo is vendor of contractor. *Exculpatory evidence negating "defraud United States".* |
| Received ARRA fund | Not True | Jurisdiction comes from ARRA fund receiving | jurisdiction(offense against USA) based on ARRA fund receiving | Received ARRA fund and Offense against USA | **Misleading GJ by not introducing ARRA law** *Alleging that vendor received ARRA fund is illegal.* (OMB Circular A-133) *Exculpatory evidence negating "defraud United States".* |
| Certified Buy American provision (Certification: supplying Buy American requirement compliance blower) | Not True | Confirmed | - | Certified Buy American provision | **Cheating GJ knowingly.** *Alleging that vendor certified Buy American provision is illegal.* Misleading GJ by not introducing ARRA law |
| Certified for already produced blowers (Certification: will manufacture) | Not True | Confirmed | Approved based on certification of "did meet" | Certified for supplying compliance blower in the future | **Cheating GJ knowingly.** *Illegal indictment without GR approval.* |
| sent certification to municipality | Not True | Agreed | - | sent certification to municipality | **Cheating GJ knowingly.** REP said "he sent certification to contractor." (Investigation report) *Violation of good faith duty of government.* 497 F.2d 781 (9th Cir. 1974). |
| Did not do substantial transformation | Not True | Agreed | - | Did not do substantial transformation | Prosecutor did not introduce to International Agreement. Non-substantial transformation is not violation of 1605. *Exculpatory evidence negating "violating 1605"* |
| Violated Buy American Act by non-substantial transformation | Not True | Confirmed | Approved based on Buy American Act violation. | Non-substantial transformation is violation of 1605 | **Only recipient is subject to 1605. Misleading GJ by not introducing ARRA law.** *Exculpatory evidence negating "violating 1605"* |
|  | - | - | - | Nothing about contractor No investigation about contractor | **Hiding contractor is intention of misleading GR.** *(Violation of 2 CFR 176.130.)* Contractor has sole responsibility about ARRA compliance of whole project. *Exculpatory evidence negating "violating 1605"* |



1. False, deceptive, and misleading testimony substantially influenced the grand jury's decision to indict.
2. **Lack of knowledge on the law is fatal misleading GJ.**
   ❖ **Vendor received ARRA fund and is subject to 1605.**

## Lack of probable cause / Lack of evidence

**SUMMARY OF THE INVESTIGATION**

6. Since approximately late July 2010, I have been assigned to an official EPA OIG investigation into the fraudulent receipt of American Recovery and Reinvestment Act of 2009 (the "Recovery Act") funds by Kturbo USA, Inc., a subsidiary of Kturbo, Inc. (collectively, "Kturbo"). Kturbo solicited and obtained contracts from municipalities that have been awarded Recovery Act funds for the construction and renovation of wastewater treatment plants in locations across the United States. As a result of the investigation, EPA OIG has gathered information that Kturbo has received approximately two million dollars in Recovery Act funds from municipalities in connection with its sales of aeration blowers to municipalities as part of their wastewater treatment plant renovations and constructions.

7. Information developed during this investigation establishes that Kturbo has falsely represented in certifications to municipalities that it manufactures aeration blowers at the subject premises, which is necessary to comply with the "Buy American" provision of the Recovery Act. investigation establishes that Kturbo does not conduct "substantial transformation" at the subject premises, rendering the representations in the certifications by Kturbo and its employees false.

Application for Search warrant

→ Contract from municipality. Not True

→ Received ARRA fund Not True

→ Certification to municipality Not True

→ Did not do substantial transformation Not clear.

2

# Cheating Grand Jury

| What prosecutor knew / Investigation report | What prosecutor said or heard | What Grand Jury approved | Indictment | |
|---|---|---|---|---|
| Received ARRA fund | Received ARRA fund | Received ARRA fund | Received ARRA fund | Lack of knowledge |
| Contract from contractor | Contract from city | Contract from city | Contract from city | Lying |
| Sent certification to contractor | Sent certification to city | Sent certification to city | sent certification to city | Lying |
| certified for future performance | certified for the already produced goods. | certified for the already produced goods | certified for the future performance. | Cheating Grand Jury |

A GRAND JUROR: Did every unit have a certification sent with it to the purchaser?

MR. OTLEWSKI: So your question is when a municipality, like South Burlington or Lowell, contracted with KTurbo whether a certification was sent out?

THE GRAND JUROR: Right. So it was verified that it -- it did meet the requirements of ARRA?

Q   You had to sign a document saying these were made in the U.S., or what was the form that you had to sign?

A   It was a letter certification certifying that they met the requirements.

Q   Okay.

Reinvestment Act funds. In these certifications KTurbo stated that its blowers met requirements of substantial transformation under the American Recovery and Reinvestment Act.

3

Defective Indictment

# Jurisdiction come from receiving ARRA fund.

> 10. It was further part of the scheme that defendant HEON SEOK LEE intended to <u>fraudulently obtain Recovery Act stimulus funds</u> in excess of approximately $1,337,189.

A. Grand Jury approved Federal Jurisdiction only on ARRA recipient
  - Mr. Otlewski : When ARRA becomes involved, it becomes a federal case.

B. US court has jurisdiction only on ARRA recipient
  - Extradition treaty Article 15. Rule of specialty

**Therefore, the court does not have Jurisdiction.**

> A GRAND JUROR: I think this is more for you because I was just trying to get the gist of it, but -- because it sounds more like it's a contracting dispute. This is federal because it's all past state lines or international?
>
> MR. OTLEWSKI: If I understand you correctly, it appears how --
>
> A GRAND JUROR: A federal, yeah.
>
> MR. OTLEWSKI: This is a -- What we're talking about are ARRA funds, which are handed out by the United States government. ARRA, U.S. Congress passed it, and made federal funds available to states and municipalities. And when ARRA becomes involved, it becomes a federal case.
>
> A GRAND JUROR: Okay. Gotcha.

4

# Underlying Statue and Guidance

f. Section 1605(a) of the Recovery Act, commonly known as the "Buy American" provision, required that recipients of Recovery Act funds expend stimulus funds only on goods manufactured in the United States.

g. The EPA issued public guidance to assist Recovery Act funding recipients and potential vendors in determining whether a good was manufactured in the United States within the meaning of the Recovery Act's "Buy American" requirement. The guidance explained that goods imported into the United States from another country did not meet the "Buy American" requirement unless the goods underwent "substantial transformation" in the United States.

1. **1605(a)** means Buy American provision.
   ❖ Only Recipient of ARRA fund is subject to 1605(a)
2. **Buy American requirement**
   ❖ means Contractual implementation of 1605 recipient

A vendor is defined as a dealer, distributor, merchant, or other seller providing goods or services that are required for the conduct of a Federal program. Prime recipients or subrecipients may purchase goods or services needed to carry out the project or program from vendors. Vendors are not awarded funds by the same means as sub-recipients and are not subject to the terms and conditions of the Federal financial assistance award.
*Implementing Guidance for the Reports on Use of Funds Pursuant to the American Recovery and Reinvestment Act of 2009 M-09-21*

Recipient means a non-Federal entity that expends Federal awards received directly from a Federal awarding agency to carry out a Federal program.
Federal award means Federal financial assistance and Federal cost-reimbursement contracts that non-Federal entities receive directly from Federal awarding agencies or indirectly from pass-through entities. It does not include procurement contracts, under grants or contracts, used to buy goods or services from vendors.
*OMB Circular A-133*

| Wrong understanding | Correct Understanding |
|---|---|
| Vendor receives ARRA fund. | Vendor is not awarded ARRA fund. |
| Not meeting Buy American requirement is violation of 1605. | Buy American requirement is contractual implementation of 1605 by recipient. It is contractual responsibility. |

5