**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 12-cr-109 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| HEON SEOK LEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant, Heon Seok Lee, was indicted by a grand jury on five counts of wire fraud in violation of 18 U.S.C. § 1343 and three counts of smuggling mislabeled goods that violated 19 U.S.C. § 1304 into the United States in violation of 18 U.S.C. § 545. In what is now his third round of pretrial motion practice, Lee has filed the present motion asking this Court to dismiss the grand jury indictment against him. For the reasons set forth herein, that motion [97] is denied.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(3)(B) permits a party to make a pretrial motion challenging the sufficiency of an indictment. In order to be sufficient, an indictment must (1) state all of the elements of the crime charged, (2) adequately apprise the defendant of the nature of the charges so that he may prepare a defense, and (3) allow the defendant to plead the judgment as a bar to future prosecutions for the same offense. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). Indictments are "reviewed on a practical basis and in their entirety, rather than 'in a hypertechnical manner.'" *Id.* (quoting *United States v. McNeese*, 901 F.2d 585, 602 (7th Cir. 1990)).

A sufficient indictment returned by a legally constituted and unbiased grand jury is enough to call for a trial on the merits. *Costello v. United States*, 350 U.S. 359, 362, 76 S.Ct. 406, 100 L.Ed. 397 (1956). A motion to dismiss an indictment is not a means of testing the government's case, and

cannot be used to second guess the grand jury's probable cause determination. *Kaley v. United States*, 134 S.Ct. 1090, 1097, 188 L.Ed.2d 46 (2014); *United States v.* Moore, 563 F.3d 583, 586 (7th Cir. 2009). Thus, while an indictment may be dismissed if subject to a defense that raises only a question of law, a defense relating to the strength of the government's evidence ordinarily must wait for trial. An indictment may also be dismissed where it results from misconduct before the grand jury that had a substantial impact on the grand jury's decision to indict. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988). Such misconduct, however, only arises from the violation of one of those "few, clear rules which were carefully drafted and approved by [the Supreme] Court and by Congress to ensure the integrity of the grand jury's functions . . ." *United States v. Williams*, 504 U.S. 36, 46, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (*quoting United States v. Mechanik*, 475 U.S. 66, 74, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986) (O'Connor, J., concurring in judgment)).

**Discussion**

Lee makes numerous arguments that the indictment must be dismissed. He first contends that because the Environmental Protection Agency (EPA) is not a decision-making body with respect to American Recovery and Reinvestment Act (ARRA) compliance and therefore it, and in turn the United States, could not have been defrauded. Lee derives this argument from EPA guidance providing that "[r]ecipients are responsible for compliance with Buy American Provisions of ARRA" and that "EPA does not and will not make determinations as to substantial transformation or the U.S. or foreign origin of manufactured goods." As an initial matter, Lee has failed to establish how these guidelines are relevant. Whether or not the EPA is willing to provide third-parties with a legal determination regarding ARRA compliance has no bearing on the criminal allegations at issue in the indictment. Lee offers, and this Court is aware of, no legal authority to support his position that "[b]ecause the EPA is not a decision making body, there was no fraud

against the EPA and in turn against the United States." But even if Lee's argument was relevant, it would nonetheless be inactionable. Although Lee does not specify the basis on which he asks this Court to dismiss the indictment, his argument that the United States was not defrauded appears to be a challenge to the grand jury's determination of probable cause. This Court cannot dismiss the indictment on that ground. *Kaley*, 134 S.Ct. at 1097.

Lee also argues that the indictment must be dismissed because K Turbo USA was not a recipient of ARRA funds. K Turbo USA, Lee asserts, was merely a contractor, and therefore had contractual duties and responsibilities but no regulatory obligation to comply with ARRA requirements. This argument is irrelevant because the indictment does not allege that K Turbo USA was a direct recipient of ARRA funds or was subject to ARRA's regulatory requirements. Instead, the indictment alleges that Lee misrepresented that K Turbo USA's products complied with ARRA's Buy America Provision when in fact they did not. Whether Lee engaged in such a misrepresentation is a question entirely separate and distinct from the question of whether K Turbo USA was required to comply with ARRA's requirements. Accordingly, Lee has failed to state a ground on which this Court could overturn the grand jury's probable cause determination. *Kaley*, 134 S.Ct. at 1097.

Lee further contends that the indictment is invalid because he should not be liable as a principal under 18 U.S.C. § 2. Lee bases this argument on language contained in the government's Affidavit in Support of Request for Extradition. Lee, however, offers no legal argument establishing how that affidavit, which he does not provide and which does not appear to be part of the record in this case, is relevant to the validity of the indictment in this matter. Lee's argument, moreover, impliedly asks this Court to overturn the grand jury's probable cause determination with respect to Lee's liability for the alleged criminal conduct, which this Court cannot do absent allegations of misconduct *before the grand jury*. *Kaley*, 134 S.Ct. at 1097.

Lee similarly argues that the indictment is invalid because K Turbo USA is not a private company and its actions are therefore not attributable to Lee. The grand jury's indictment, however, alleges that the fraudulent representations at issue are attributable to Lee. Because this Court cannot review the grand jury's probable cause determination, it cannot dismiss the indictment on this ground. *Kaley*, 134 S.Ct. at 1097.

Lee next asserts that the indictment is invalid because his violation of 19 U.S.C. § 1304, which governs the marking of imported articles and containers, cannot give rise to a criminal allegation of smuggling under 18 U.S.C. § 545. Lee, however, offers no legal authority to support this position. Instead, Lee offers an excerpt from an "opinion letter" written by a lawyer specializing in customs law. That letter explains that 19 U.S.C. § 1304 contains a specific criminal penalty for individuals who remove country of origin markings after merchandise has been imported. Despite its conclusory assertion that "any criminal penalties for alleged violations pursuant to 19 U.S.C. § 1304 are limited specifically to those in 19 U.S.C. § 1304(l)," however, the opinion letter offers no legal authority establishing that to be the case. This Court accordingly rejects Lee's unsupported argument that violations of 19 U.S.C. § 1304 cannot give rise to criminal charges under 18 U.S.C. § 545.

Lee also claims that the indictment is defective in light of three alleged government misrepresentations. During the grand jury investigation, Agent Lambert testified that Pendleton, Oregon contracted with K Turbo to use ARRA funds to purchase three turbo blowers. Lee first asserts that Pendleton, Oregon did not contract with K Turbo and that no such contract existed. But Lee has not provided or identified any evidence showing that Pendleton, Oregon did not contract with K Turbo to purchase three turbo blowers. Lee has therefore failed to meet his factual burden of establishing that the grand jury received false or misleading testimony. *See United States v. Greenberg*, 204 F. Supp. 400, 402 (S.D.N.Y. 1962) ("The regularity of grand jury proceedings in the

4

federal system is presumed and the burden of proving regularity does not shift to the government merely because defendant makes unsupported claims on a motion attacking the indictment.") Second, Lee alleges that during the grand jury investigation Mr. Otlewski incorrectly informed a grand juror that this was a federal case because "[w]hen ARRA becomes involved, it becomes a federal case." Lee contends that this statement was false because neither he nor K Turbo USA directly received ARRA funds. Mr. Otlewski, however, did not say that Lee or K Turbo USA received ARRA funds; he only said that ARRA was "involved." That representation is not incorrect; it is undisputed that ARRA funds are involved in this case. Even if Mr. Otlewski's statement were false or misleading, moreover, Lee has failed to make any argument establishing that he was sufficiently prejudiced by that statement as to warrant dismissing the indictment. *Bank of Nova Scotia*, 487 U.S. at 254. Finally, Lee argues that the "Request for Standard Subpoena" contains a misrepresentation that warrants dismissing the indictment. But Lee has not provided the "Request for Standard Subpoena", explained the significance of that document to this case, or provided any authority under which this court could dismiss an indictment based on misrepresentations in such a document. Accordingly, Lee has not established that there was misconduct before the grand jury warranting the dismissal of the indictment.

      Lastly Lee contends that the indictment must be dismissed because his extradition violated the applicable extradition treaty and because the certifications that he provided were invalid as a matter of contract law. These arguments, which are conclusory in nature and unsupported by any citations to legal authority, are rejected.

      As a closing matter, this Court notes that Lee, in his reply in support of his motion, argues extensively that the government is improperly attempting to amend the indictment through its arguments responding to his motion. A constructive amendment to an indictment occurs when either the government or the court broadens the possible bases for conviction beyond those

presented by the grand jury.  *United States v. Crowder*, 588 F.3d 929, 938 (7th Cir. 2009).  Lee has offered neither argument nor authority to establish how the government's response to a pretrial motion, standing alone, could improperly broaden the possible bases for conviction.  To the contrary, it is commonly understood that constructive amendment of the indictment can only occur at trial.  *See United States v. Remsza*, 77 F.3d 1039, 1043 (7th Cir. 1996).  Lee's arguments, moreover, rely on precisely the sort of hyper-technical parsing that is not permitted when reviewing a grand jury indictment.  *Smith*, 230 F.3d at 305.  Thus, this Court rejects Lee's argument that the government has improperly amended the indictment through statements contained in its response to his motion.

**Conclusion**

       For the foregoing reasons, Lee's motion to dismiss the indictment [97] is denied.


SO ORDERED.

                                               SHARON JOHNSON COLEMAN
                                               United States District Court Judge

DATED:  January 5, 2017