**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 109 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| HEON SEOK LEE | ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS *IN LIMINE***

Defendant, HEON SEOK LEE, by and through his attorney, Inseed Law, P.C., hereby files the following Response to Government's Motion *in limine.*

**I.      GOVERNMENT'S MOTIONS #1: EVIDENCE OF DEFENDANT'S RETURN TO SOUTH KOREA**

Government moves to use defendant's travel record to show his consciousness of guilt is highly inappropriate. Mr. Lee resides in Korea and he always left the United States after a few weeks of business trip. All of the travel took place before his indictment. It would be highly and unfairly prejudicial to show to the jury and ask them to draw their own conclusion based on travel history before Mr. Lee's formal indictment. Pursuant to Federal Rules of Evidence 403, this type of evidence that invites conjecture and evidence that would invite the jury's imagination must be barred.

**II.      GOVERNMENT'S MOTIONS #2: TO PERMIT QUESTIONING OF DEFENDANT'S PRIOR DEFAMATION**

Government seeks ruling from this Court to allow cross-examine defendant, should he elect to testify, regarding a civil lawsuit that has no bearing on this criminal case. Government claims that such cross-examination is permissible under Rule 608(b). The civil suit was against KTurbo, Inc. and Lee was not a defendant in that suit. Lee did not receive any judgment. Attributing what happened

1

in a civil case where Lee was not even a party to a criminal case where Lee is the only defendant accused of wrongdoing would mislead the jury and would create unfair prejudice.

## III. GOVERNMENT'S MOTION #4: EVIDENCE AND ARGUMENT OF DEFENDANT'S GOOD FAITH

Lee was indicted in essence, for breach of contract. Government is claiming that Lee signed contracts and provided certifications that his company would comply with Buy American Provision of ARRA but he failed to do so. The content of the certifications and the content of the contracts KTurbo signed are the same. Lee's company had complied with contractual provisions both before and after government's indictment. Government wants to limit the facts only to certain projects which will not allow holistic view of this case and only wants to allow certain cases that would create distorted optics. Instead of focusing on limited pieces of history to bolster government's case, any and all relevant evidence and argument must be allowed for the jury to consider.

## IV. GOVERNMENT'S MOTION #5: EVIDENCE AND ARGUMENT OF RELIANCE ON COUNSEL

As argued above, it is important that the jury see the entire picture, rather than focusing on bits and pieces of information selectively picked by government to fit their storyline. Any reliance on advice of counsel or any other professional would show that Lee did not possess the mental state required for wire fraud and therefore must be allowed.

## V. GOVERNMENT'S MOTION #6: ARGUMENT AND EVIDENCE OF DEFENDANT'S CONDUCT IN MUNICIPAL CONTRACTS

The government wants the Court to "exclude all evidence of defendant's lawfulness and good conduct. Specifically, evidence (both testimony and documents) that defendant frequently or on a given occasion complied with ARRA on other occasions." Dkt. 116 at 14.

Again, because defendant is charged with a crime where one's mental state is an important element of the crime, defendant must be allowed to show all relevant evidence that could show his true intent. When government is arguing to allow Lee's pre-indictment travel history to establish Lee's state of mind, why should Lee not be allowed to show the evidence to negate the guilty mind? In addition, government's argument that such evidence is barred under Rule 405 is incorrect because the evidences would not be "character evidence" but evidence that shows his intent.

## VI.    GOVERNMENT'S MOTION #7: EVIDENCE AND ARGUMENT REGARDING LEGAL OPINIONS

The government has filed a motion seeking to bar defendant from offering evidence and argument about the interpretation of the law including expert witnesses to render opinions. The government's assumption that an expert witness would "render opinions about the legal implications of conduct" and therefore must not be allowed to testify is just that, an assumption without any basis. Jury has every right to rely on explanation on complicated issues of law. If government thinks an expert witness is making inadmissible testimony, the proper thing to do is to mak an objection to such testimony  and not bar expert from testifying at all.

## VII.   GOVERNMENT'S MOTION #8: EVIDENCE AND ARGUMENT ABOUT CUSTOMERS' NEGLIGENCE OR LACK OF REASONABLE RELIANCE

The government has moved in limine to bar evidence regarding KTurbo's customers' (including representatives from municipalities, including their construction and engineering firms) "alleged negligence and/or lack of reasonable reliance on defendant's false representations regarding KTURBO USA's blowers."  Dkt. 116 at 18. Government charged Lee with wire fraud. If there exists evidence that shows KTurbo's customers' knowledge regarding KTurbo product being shipped from Korea then there is no fraud (The customers can't claim that they were defrauded if they knew where the blowers were coming from). This type of exculpatory evidence must be allowed.

3

VIII.   **GOVERNMENT'S MOTION #9: CONDUCT AND STATEMENTS BY DEFENDANT AND HIS AGENTS**

Government moves to exclude Defendant and the KTURBO entities' post-search actions. Even after search and seizure of evidence in February 24, 2011, Lee was not indicted until almost a year later on February 16, 2012. Even then, the indictment was under seal and Lee had no clue until his extradition in Aril of 2015, more than four years after the search and seizure. The actions and statements occurred after the search but before the indictment are quite relevant since it sheds light on Lee's mental state.

IX.   **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the government's motions in limine be denied.

Respectfully submitted,

INSEED LAW, P.C.

By:  s/*Ryan J. Kim*
Ryan J. Kim

RYAN J. KIM
INSEED LAW P.C.
2454 E. Dempster St. Suite 301
Des Plaines, Illinois 60016
(847) 905-6262

4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was served on February 16, 2017, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


s/*Ryan J. Kim*
Ryan J. Kim, Esq.