# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Case No. 12-CR-109 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| HEON SEOK LEE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

*United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978) requires trial courts to make a preliminary determination of whether statements made by a coconspirator of the defendant will be admissible at trial under Federal Rule of Evidence 801(d)(2)(E). In making this determination, the court must decide whether it is more likely than not that the declarant and the defendant were members of a conspiracy when the hearsay statement was made and that the statement was made in furtherance of the conspiracy.

In order to facilitate this assessment, the government is required to make a preliminary offer of evidence showing (1) that a conspiracy existed; (2) that the defendant and declarant were members of the conspiracy; and (3) that the statements sought to be admitted were made during and in furtherance of the conspiracy. *Santiago*, 582 F.2d at 1134–35. Courts can consider the statements that the government seeks to admit in determining whether these three criteria have been met. *Bourjaily v. United States,* 483 U.S. 171, 176–81, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Such statements, however, are insufficient to establish the existence of the conspiracy or the defendant's participation and must instead be corroborated by direct or circumstantial evidence. *United States v. Harris*, 585 F.3d 394, 398–99 (7th Cir. 2009).

1

The government is not required, however, to establish all of the elements of the crime of conspiracy; it need only establish the existence of a joint venture with an illegal purpose and participation in the joint venture by the defendant and the maker of the statement at issue. *United States v. Coe*, 718 F.2d 830, 835 (7th Cir. 1983).

Before turning to the contents of the government's proffer, this Court first turns its attention to the arguments raised in Lee's response to the government's motion.

Lee first contends that the government has failed to establish that a conspiracy existed because Lee's actions did not constitute a crime. In support of this argument, which has been raised and rejected by this Court previously, Lee argues that an exception to the ARRA Buy American provision exists for goods imported from South Korea. This argument misunderstands the nature of the charges against Lee. Lee is not charged with violating the Buy American provision of ARRA. He is charged with falsely representing that products complied with that provision because they were manufactured or substantially transformed in the United States when in fact they were not. Lee's arguments regarding the Buy America provision's interpretation are thus incapable of establishing that his actions were not criminal in nature.

Lee also contends that the government is improperly amending the indictment by claiming that Lee and KTurbo's employees were members of a conspiracy or joint venture. This argument is misplaced. A constructive amendment to an indictment occurs when either the government or the court broadens the possible bases for conviction beyond those presented by the grand jury. *United States v. Crowder*, 588 F.3d 929, 938 (7th Cir. 2009). The present motion, which only concerns the narrow question of whether certain evidence is admissible, is incapable of giving rise to a basis for conviction that was not presented by the grand jury. Establishing a conspiracy for purposes of Federal Rule of Evidence 801(d)(2)(E) does not establish the crime of conspiracy, and cannot do so here given that that crime has not been charged and will not be presented to the jury.

2

Lee's argument, moreover, is legally flawed. The indictment claims that the alleged criminal acts were committed by "Lee, and others acting with him and at his direction." Lee asserts that the indictment did not mention "coconspirators" and that acting "at [Lee's] direction" is inconsistent with acting as a co-conspirator or co-schemer. But there is no legal requirement that co-conspirators take a leadership role in the conspiracy. Indeed, conspirators often do little more than to execute criminal conduct at the direction of their coconspirators. Accordingly, the distinction that Lee attempts to draw is meaningless.

Lee next contends that the general contractors were not agents of the municipalities. The only support that Lee offers for this position, however, is an excerpt from a form contract that Lee found on the City of North Richland Hills, Texas's website.[1] But the City of North Richland Hills is not one of the cities that the government alleges Lee defrauded, and that city's preferred contractual language is therefore irrelevant to the existence of agency relationships between municipalities and general contractors in this case.

Lee also contends that the government's motion erroneously states that KTurbo's independent sales representatives acted as KTurbo's agents when in fact the sales representatives were independent contractors. Rule 801(d)(2)(D) creates an exception to the hearsay rule for a statement offered against an opposing party that was "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Lee asserts that the sales representatives were independent contractors (and therefore not his agents) based on an excerpt from a "Manufacturer's Representative Agreement" between KTurbo Inc. and R.A. Ross & Associates N.E. Inc. Lee, however, has provided this Court with no basis to conclude that the "Manufacturer's Representative Agreement" was in fact the contract that governed KTurbo's relationship with the sales representatives identified in the government's motion. Even if this Court

---

[1] Lee also notes that one of the contracts at issue in this case required that the contractor be "an independently established business." That requirement has no bearing on the questions of agency that Lee raises.

assumed that the contract Lee identifies applied to the sales representatives in question, moreover, Lee has failed to establish that an agency relationship did not exist. A statement is admissible under Rule 801(d)(2)(D) "so long as it is made by an agent within the scope of agency, regardless of the precise contractual relationship between the agent and the party against whom the evidence is offered." *Metro0Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 973 (C.D. Cal. 2006). Here, the record shows that sales representatives, although they lacked the authority to contractually bind KTurbo USA, Inc., were responsible for representing KTurbo in their interactions with clients and for communicating information between clients and KTurbo. Thus, sales representatives' statements communicating information between KTurbo and KTurbo's customers were made within the scope of their agency.

Lee next contends that only his intent at the time of entering into the contracts at issue is relevant. This argument, however, is unsupported by the authority that Lee provides and is irrelevant to the admissibility of the government's proffered evidence.

Lee further contends that the government has failed to support its allegation that the blowers imported from Korea were not substantially transformed in the United States and that this Court lacks jurisdiction to determine whether the blowers were substantially transformed. This argument restates arguments that Lee raised in his motions in limine and is rejected for the reasons set forth in this court's ruling on those motions. This Court further notes that this argument is irrelevant to the question now at issue, which is whether the government's *Santiago* proffer is sufficient.

Finally, Lee contends without elaboration or explanation that the government's *Santiago* proffer provides no basis upon which this Court could determine whether the declarations that the government intends to submit to the jury were "made during the course and in furtherance of the

conspiracy." This argument, which is perfunctory and undeveloped, is waived. *United States v. Cherif*, 943 F.2d 692, 700 (7th Cir. 1991).

Having dispensed with Lee's arguments, this Court turns to the government's underlying proffer. After reviewing the proffer, this Court finds that the evidence described in the proffer establishes, by a preponderance of the evidence, that Lee, S.E.L, J.B.L, and M.S.L.[2] were members of a joint venture to accomplish a scheme to defraud by misrepresenting that certain products were substantially transformed at KTurbo's Batavia facility and therefore complied with the Buy American requirement. This Court further concludes that the statements included in various categories listed by the government on pages 40–41 were made during and in furtherance of the conspiracy. This Court cautions, however, that this does not mean that each and every statement that the government might offer is admissible at trial.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: February 27, 2017

---

[2] The Court notes that the government identifies coconspirators' statements made by "other KTurbo employees," without identifying who those employees are. This Court further notes that the government has only specifically identified S.E.L., J.B.L., and M.S.L. as coconspirators. Accordingly, this Court assumes that it was not the government's intention to allege that KTurbo's other employees were also coconspirators, and limits its ruling accordingly.

5