UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 12-CR-109 |
| v. | ) Judge Sharon Johnson Coleman |
| HEON SEOK LEE, | ) |
| Defendant. | ) |

## ORDER

Defendant is granted leave to file instanter his supplemental motion in limine [133].

Defense supplemental motion in limine #14 [133] is denied.

## STATEMENT

Defense motion in limine #14 provides that:

> Any evidence that relates to Lee's intent after KTurbo's contract formation must be barred. Further, any evidence that does not deal with proving defendant's mindset that he never had intent to perform what was promised in the contract at the time of making the promise must be barred.

Lee contends that evidence concerning his intent following contract formation is irrelevant in light of *United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650 (2nd Cir. 2016). That case stands for the narrow but well-established proposition that claims of fraud based solely on misrepresentations regarding future performance contained within a contract must be supported by evidence of fraudulent intent contemporaneous with the making of the contract. *Id.* at 658–59.

That case, however, is inapposite. *Countrywide* addresses only a situation where the deception at issue is entirely contained within the four corners of the contract that has allegedly been breached. *Countrywide Home Loans, Inc.*, 822 F.3d at 661 n. 12. The indictment here alleges that following

1

KTurbo's entry into the contracts Lee executed false certifications of compliance with the "Buy American" provision. Those certifications constitute allegedly fraudulent statements made outside the four corners of the contract, and Lee's intention at the time of their making is therefore relevant. Similarly, the evidentiary proffers made up to this point reflect a number of additional allegedly fraudulent statements or actions that occurred during the course of the parties' contractual relationship but outside the four corners of the contract. *Id.* Lee, to his credit, does not overlook the fact that the *Countrywide* court limited its holding to those cases where the fraudulent statements were made solely within the four corners of the contract. Instead, he asserts that the allegedly fraudulent statements at issue here are within the scope of the contracts in question. But being "within the scope" of a contract is not the same thing as being "within the four corners" of a contract; the latter term requires that the statement at issue appear on the face of the written instrument. Black's Law Dictionary 771(10th ed., 2014). Although some of the allegedly fraudulent representations at issue here were made on the face of the contracts, many others were not. This Court therefore concludes that the holding in *Countrywide* provides no legal basis for this Court to restrict the evidence that is presented to the jury and that defense motion in limine #14 is therefore unwarranted.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: March 2, 2017