**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-CR-109 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| HEON SEOK LEE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

The defendant's motion for leave to file a supplement to his motion to dismiss the indictment instanter [137] is granted. The defendant's motion to dismiss the indictment for lack of jurisdiction [131], as supplemented, is denied because it fails to establish a defect in this Court's jurisdiction.

**STATEMENT**

The final pretrial deadline in this case was November 18, 2016. The present motion to dismiss the indictment for lack of jurisdiction [131] was filed on February 23, 2017, just over a week before trial.[1] A supplement to that motion [137] was filed on February 27, 2017, three days before trial. Although this Court has repeatedly cautioned the defendant that such supplemental filings are strongly disfavored, the government did not object and was prepared to address that filing at the pretrial conference two days later. Accordingly, this Court will consider that supplement [137] alongside the underlying motion [131].

Subject matter jurisdiction is straightforward in the criminal context. Title 18 U.S.C. § 3231 grants original jurisdiction over "all offenses against the laws of the United States." As the Seventh

---

[1] The Court notes that, as evidenced in the docket, the defendant has filed a total of five motions to dismiss the indictment.

Circuit has repeatedly held, "district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of criminal law." *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original). The question of whether a particular indictment is proper is a question that a judge may decide under the jurisdiction conferred by section 3231, just as a court retains jurisdiction over a civil case while resolving a motion to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* Put another way, errors in a non-frivolous indictment are incapable of depriving the Court of jurisdiction over that indictment. *Id.*

Lee first contends that this Court lacks subject matter jurisdiction to determine whether a "substantial transformation" has occurred. This Court has subject matter jurisdiction over this case under 18 U.S.C. § 3231; Lee fails to identify any authority requiring a further grant of jurisdiction to consider specific legal questions that may arise in the course of this action. Lee's arguments, moreover, are unavailing. Although it is true that the Court of International Trade is granted exclusive *civil* jurisdiction over certain matters, the Court of International Trade cannot exercise jurisdiction over actions not addressed by a specific jurisdictional grant. *Trayco, Inc. v. United States*, 994 F.2d 832, 836 (Fed. Cir. 1993) ("We . . . conclude that if Congress had intended all import-related matters to come within the exclusive jurisdiction of the Court of International Trade it would have specifically said so."). Congress has only granted the Court of International Trade exclusive jurisdiction over certain civil actions. Lee points to, and this Court is aware of, no legislation providing the Court of International Trade with criminal jurisdiction or, for that matter, jurisdiction to issue advisory opinions to criminal courts. The jurisdiction of the Court of International Trade therefore poses no bar to this Court's exercise of jurisdiction pursuant to section 3231 in this case.

Lee's remaining substantive arguments raise various legal challenges to the sufficiency of the charges against him. Summarizing loosely, Lee argues that the Buy America provision did not apply to him as a result of language contained in ARRA's interpreting regulations and the World Trade

Organization on Government Procurement, that the government failed to establish Lee's contemporaneous intent to defraud at the time of contract formation, that the government failed to charge Lee with aiding and abetting, that it was impossible for Lee to personally obtain ARRA funds, and that the indictment failed to sufficiently allege fraud against municipalities and the United States due to an absence of privity of contract. These arguments, however, amount to claims that the indictment is defective because it fails to state an offense. Although they may call into question the sufficiency or viability of the charges against Lee, none of them raise the only question that this Court may timely consider: whether the indictment, on its face, charges a violation of federal law. It unquestionably does. This Court therefore has jurisdiction under 18 U.S.C. § 3231. *Bjorkman*, 270 F.3d at 490. Because the time for pretrial motions has long since passed, this Court declines to consider Lee's arguments to the extent that they argue that the indictment should be dismissed on non-jurisdictional grounds.

As a final matter, this Court notes that Lee raises a perfunctory argument that this matter must be dismissed because the government has improperly amended the indictment. Lee, however, fails to offer any authority calling this Court's prior determinations on this issue into question. To the contrary, the sole authority that he cites further supports this Court's holdings. *See United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) ("[T]he determination of whether a constructive amendment has been effected requires sensitivity to both the jury instructions as a reflection of the indictment, and to the nature of the proof offered at trial."). This Court therefore declines to reconsider its prior rulings.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: March 2, 2017