**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 12 CR 109 |
| | ) | |
| HEON SEOK LEE, | ) | Hon. Sharon Johnson Coleman |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RULE 33 MOTION**
**FOR A NEW TRIAL**

NOW COMES the Defendant, HEON SEOK LEE, by and through his attorneys, MONICO & SPEVACK, and moves pursuant to Rule 33 of the Federal Rules of Criminal Procedure for a new trial.

IN SUPPORT of this Motion, Defendant states:

1. Defendant is entitled to a new trial because the Government impermissibly amended the Indictment when it tried the case. A defendant has the right to be tried upon the charges actually brought by the Grand Jury. *Stirone v. United States,* 361 U.S. 212, 217 (1960). Material amendments must be made by re-submission to the Grand Jury and it is reversible error for the trial court to allow it at trial. *United States v. McNeese,* 901 F.2d 585, 601 (7th Cir. 1990), *overruled on other grounds, United States v. Westmoreland,* 240 F.3d 618 (7th Cir. 2001). An indictment may be amended without resubmission to the Grand Jury only if the alteration makes no material change and there is no prejudice to the defendant.

A constructive amendment occurs when the offense proven at trial differs from the one alleged in the indictment. *See, e.g., United States v. Remsza,* 77 F.3d 1039, 1043 (7th Cir. 1996). It also occurs where the evidence produced at trial broadens the possible bases for conviction

1

beyond that which the original indictment alleged. *See, e.g., United States v. Rosin,* 892 F.3d 649, 651 (7th Cir. 1990).

With respect to the wire fraud counts the thrust of the Indictment was that Defendant (a) procured contracts for KTURBO and KTURBO USA to provide turbo blowers to municipal wastewater facilities, and (b) falsely represented to municipal wastewater treatment facilities that KTURBO and KTURBO USA complied with the Buy American requirement. The Indictment repeats these allegations that Defendant had contracts with municipalities and the United States government in several places in the Indictment. *See, e.g.,* Ind., ¶¶ 4, 6. In other words, the Indictment charged basically that the Defendant had entered into contracts with municipalities or the United States to provide turbos.

No such evidence existed: Defendant had not entered into any contracts with municipalities or the United States. At trial Defendant pointed this out repeatedly. The Government responded by effectively repudiating those allegations and arguing that it did not matter whether Defendant had entered into any contracts with the municipalities or the United States. If the Government had not constructively amended the Indictment, the Court would have been obligated to enter a verdict of not guilty. Defendant defended and prevailed on the case that was brought by the Grand Jury. Thus, the amendment here was prejudicial *per se* not only because it denied defendant his right to a grand jury but it hampered his ability to prepare and meet the charges at trial. *See, e.g., Rosin,* 892 F.3d at 651. *See also United States v. Field,* 875 F.3d 130, 133 (7th Cir. 1989).

In *Stirone,* the defendant was convicted of unlawful interference with interstate commerce in violation of the Hobbs Act, 18 USC §1951. To prove the interstate commerce element the indictment alleged the victim's contract was to ship sand from various points in the

2

United States to the victim's ready-mix concrete plant. The trial court allowed the Government to offer evidence of the effect on interstate commerce not only of the sand brought into Pennsylvania but also the interstate shipment of steel to be constructed from the ready-mix cement. The Supreme Court reversed the conviction on the ground that defendant was convicted of a crime different from one he was charged.

The constructive broadening of the Indictment occurred here as well. The Grand Jury, based on representations of the Government witnesses, indicted Defendant based on the theory that Defendant had entered into contracts with the United States and certain municipalities to provide blowers for various waste water projects. Accordingly, the Indictment's key charging paragraph, Ind. ¶3, alleges that Defendant procured contracts to provide turbo blowers to municipal wastewater treatment facilities receiving Recovery Act stimulus funds and falsely represented to municipal wastewater treatment facilities that KTURBO would manufacture and deliver to the municipalities turbo blowers that complied with the "Buy American" provision of the Recovery Act. If it didn't outright say so the Indictment strongly implied that Defendant had actually entered contracts with the municipalities themselves. At trial the Government essentially abandoned that theory and did not claim Defendant had entered into contracts with these parties, but had in fact entered into contracts with third parties who themselves were involved in contracts contractually subject to ARRA. Similarly, the Government effectively amended the Indictment when it dismissed paragraph 10 which had alleged that Defendant had intended to fraudulently obtain Recovery Act stimulus funds in excess of $1,337,189. These were constructive amendments of the Indictment; it was error *per se*, *see, e.g., United States v. Floresca,* 38 F.3d 706 (4th Cir. 1994), and for that reason Defendant's convictions must be reversed.

2. Defendant is entitled to a new trial because the Government introduced improper "flight" evidence to support its guilty verdict. The Seventh Circuit has long adhered to the Supreme Court's language to be wary of the probative value of flight evidence. *United States v. Robinson,* 161 F.3d 463, 469 (7th Cir. 1998), *citing Wong Sun v. United States,* 371 U.S. 471, 483 n.10 (1963). Defendant here was impermissibly prejudiced when the Government introduced evidence suggesting that Defendant fled the country when he supposedly learned he had been indicted.

3. Defendant is entitled to a new trial because the Court erred when it offered Defendant a binary choice between arguing that ARRA did not apply and arguing that KTURBO satisfied ARRA's substantial transformation requirements. The Court's position was encapsulated during the Jury Instruction conference, where the Court impermissibly rejected Defendant's jury instruction on the issue and told Defendant he could not have it both ways: He could not argue substantial transformation on one hand but also claim Defendant was not subject to ARRA. The Court allowed Defendant to argue substantial transformation generally, but ordered that he could not "go through the factors and say he complied with two factors or that this company agreed that two of the things were done. Therefore, he is not guilty. … That is not part of the instruction. You cannot make reference to that."

Defendant was entitled to make alternative arguments. Defendant's principal theory at trial was that KTURBO did not fall under the auspice of the ARRA. But Defendant had plenty of evidence showing that substantial transformation had occurred, and therefore KTURBO met the requirements nonetheless. Not allowing Defendant to do so was error.

4. Defendant is entitled to a new trial because the Court erred when it granted the Government's motion to admit co-conspirator hearsay statements of individuals who were not

4

co-schemers of the Defendant. There was additional error when the Court declined to strike the charges under 18 USC § 2.

5. Defendant is entitled to a new trial because the Court overruled his objections to the Government's misrepresentations to the jury that the Indictment was not based on Defendant allegedly having contracts with municipalities or the Government even though that had been a fair reading of the Indictment.

6. The Defendant is entitled to a new trial because the Court would not permit arguments that substantial transformation could constitute an ultimate issue in the case.

7. Defendant is entitled to a new trial because the Court instructed the jury that it did not have to find the Defendant guilty on all charges describing the scheme. This is especially so where several of the charging paragraphs were different and thus the court cannot be assured the jury agreed unanimously that Defendant was guilty beyond a reasonable doubt on any one of the charges. It was the Government's choice to indict by laying out various charges. There was additional error when the Court rejected Defendant's Jury Instruction, p. 5 (Doc. #151, PgID # 1123), which requested a jury instruction requiring unanimity on a particular false statement in order to convict.

8. Defendant is entitled to a new trial because the Court erred when it declined to give Defendant's Special Jury Instruction No. 1 (Doc. #151, PgID #1131), which explained the requirements of Substantial Transformation.

9. Defendant is entitled to a new trial because it was error to instruct the jury that "[a]lthough an item communicated interstate need not itself contain a fraudulent representation or a request for money, …" in the circumstances of this case the Government alleged emails attaching specific communications. The Government was required to prove what is alleged.

10. Defendant is entitled to a new trial because the Court erred when it declined to give the jury Defendant's Special Instruction No. 2 (Doc. #151, PgID # 1132), which directed the jury to find Defendant not guilty if the Government failed to prove substantial transformation. Part of the Government's cause of action was that Defendant falsely claimed articles were "made in the United States," but where substantial transformation exists that claim cannot be sustained. The subject of substantial transformation was a defense the Government either had to disprove once raised or that the Government had to prove in the first instance. Giving no instruction on the issue was error either way.

11. Defendant is entitled to a new trial because the Court erred when it declined to give Defendant's Special Instruction No. 3 (Doc. # 151, PgID # 1133), which instructed the jury that in order to find the Defendant guilty on counts 6 through 8 the Government had to prove beyond a reasonable doubt that Defendant himself imported the blowers and not his company.

12. Defendant is entitled to a new trial because the Court erred when it gave the jury Government Instruction 25-A (false representation does not have to be made directly to victim).

13. Although the Defendant did not object, Defendant is entitled to a new trial because the Court erred when it gave the instruction that "Any person who knowingly aids … offense may be found guilty …" which did not instruct the jury that the substantive crime must be proved. *See, e.g., United States v. Morris,* 612 F.2d 483 (10th Cir. 1989).

14. Defendant is entitled to a new trial for the reasons stated in Defendant's Motion for Judgment of Acquittal, including for the reasons stated in Defendant's pretrial motions that were denied by the Court.

WHEREFORE, Defendant respectfully requests that the Court grant the Defendant's Motion for a New Trial.

                                                Respectfully submitted,
                                                HEON SEOK LEE


By:    /s/ Michael D. Monico
         One of his attorneys

Michael D. Monico
Barry A. Spevack
Carly A. Chocron
MONICO & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500
     Attorneys for Defendant